Reginald Keith Gray v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-021-CR

     REGINALD KEITH GRAY,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 1991-687-C
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      In 1992, a jury convicted Reginald Keith Gray of aggravated sexual assault and assessed his
punishment at seventy-five years’ imprisonment. Gray filed a pro se motion for forensic DNA
testing under the provisions of Chapter 64 of the Code of Criminal Procedure in 2001. Tex.
Code Crim. Proc. Ann. arts. 64.01-.05 (Vernon Supp. 2002). The court denied his request, and
Gray appealed. Because Gray claimed to be indigent and was not represented by counsel, we
abated the appeal for a hearing to determine whether he is indigent. Gray v. State, 69 S.W.3d
835, 837-38 (Tex. App.—Waco 2002, order). The trial court found that Gray is indigent and
appointed counsel to represent him.
      Gray contends that the court’s order denying his DNA motion is erroneous because he did not
have the benefit of counsel to assist him in preparing and presenting his motion. He asks that we
reverse the order and remand this cause for further proceedings. The State agrees that Gray’s
appointed counsel should be given the opportunity to review the merits of Gray’s DNA request
and “file a proper motion on [his] behalf if merit is found.”
      Article 64.01(c) requires a trial court to appoint counsel to represent a convicted person who
is indigent and “informs the convicting court that [he] wishes to submit a motion under [Chapter
64].” Tex. Code Crim. Proc. Ann. art. 64.01(c) (Vernon Supp. 2002); Gray, 69 S.W.3d at
837. The trial court failed to do so.
      Accordingly, we reverse the order denying Gray’s motion for forensic DNA testing and
remand this cause to the trial court for further proceedings consistent with this opinion.
 
                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Gray concurring in the judgment without a separate opinion)
Reversed and remanded
Opinion delivered and filed October 16, 2002
Do not publish
[CRPM]



icide. The
instructions also requested the jury to determine the special issue of whether appellant used his car
as a deadly weapon during the commission of the offense. The jury returned a verdict of “guilty”
to the offense of criminally negligent homicide, but found that appellant “did not” use his car as
a deadly weapon.
      The trial court denied appellant’s request for a jury instruction on the offense of deadly
conduct:
Deadly Conduct. (a) A person commits an offense if he recklessly engages in
conduct that places another in imminent danger of serious bodily injury.

. . .
 
(e) An offense under Subsection (a) is a Class A misdemeanor.

Tex. Penal Code Ann. § 22.05 (Vernon 1994).

      Appellant contends the trial court erred in refusing to provide the requested instruction
because deadly conduct is a lesser-included offense of manslaughter and was raised by the
evidence. Manslaughter is a second degree felony:
Manslaughter. (a) A person commits an offense if he recklessly causes the death of
an individual.

Tex. Penal Code Ann. § 19.04 (Vernon 1994).

      The Texas legislature has provided four ways an offense may qualify as a lesser-included
offense:
An offense is a lesser included offense if:
(1) it is established by proof of the same or less than all the facts required to establish
the commission of the offense charged;
 
(2) it differs from the offense charged only in the respect that a less serious injury
or risk of injury to the same person, property, or public interest suffices to establish its
commission;
 
(3) it differs from the offense charged only in the respect that a less culpable mental
state suffices to establish its commission; or
 
(4) it consists of an attempt to commit the offense charged or an otherwise included
offense.

Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 1981).

      Appellant contends his requested instruction on deadly conduct meets this test. The State
counters that deadly conduct is, in fact, not a lesser-included offense because it contains two
elements not required for manslaughter: (1) conduct; that (2) places another in imminent danger
of serious bodily injury. We do not agree. The fact the manslaughter statute does not explicitly
require that the defendant engage in “conduct,” while the deadly conduct statute does, is of no
legal significance because it is difficult, if not impossible, to construct a scenario in which a person
could commit the offense of manslaughter without engaging in “conduct.” The other dissimilar
element noted by the State–deadly conduct’s requirement of evidence that the defendant place
another in “imminent danger of serious bodily injury”–is also inconsequential. Art. 37.09 (2)
provides that an offense constitutes a lesser-included offense if it differs from the offense charged
only in the respect that a less serious injury or risk of injury suffices to establish its commission. 
Placing another in imminent danger of serious bodily injury is a less serious injury than death. 
Therefore, deadly conduct would appear to constitute a lesser-included offense to manslaughter
under our facts. Nevertheless, we cannot overlook the existence of controlling authority
supporting the State’s alternative argument that the jury could not have convicted appellant of
deadly conduct because that offense is reserved for defendants whose victims are not injured. In
Gallegos v. State, the Texas Court of Criminal Appeals held that an offense under Penal Code
Section 22.05 “applies to those acts that fall short of injuring another.” Gallegos v. State, 548
S.W.2d 50, 50 (Tex. Crim. App. 1977) (emphasis in original). Although Gallegos is only a
commissioner’s decision, the rule we follow here has never been abrogated by subsequent
authority. In the subsequent case of Bell v. State, 693 S.W.2d 434 (Tex. Crim. App. 1985), the
Court of Criminal Appeals did criticize another aspect of the Gallegos opinion. In Gallegos, the
Court ruled that the offense of reckless conduct is a lesser included offense to assault.


 In Bell,
the court ruled this statement in Gallegos was “overbroad and mere dictum.” Id. at 436. 
Arguably, the ruling in Gallegos that we follow today is also overbroad. Under circumstances
where the evidence shows both the victim and the defendant engaged in conduct resulting in the
victim’s injuries, it would seem preferable that the trier of fact be authorized to consider whether
a defendant charged with manslaughter is guilty of only the lesser offense of deadly conduct. 
However, until such a time as the Court of Criminal Appeals specifically overturns its ruling in
Gallegos, we will continue to enforce its rule that a defendant may be convicted of deadly conduct
only where the defendant’s acts fall short of injuring another. Point one is overruled.
      The trial court’s judgment is affirmed.

 
DAVID L. RICHARDS
                                                                       Justice
 
Before Chief Justice Davis,
          Justice Gray, and
          Justice Richards (Sitting by Assignment)
Affirmed 
Opinion delivered and filed January 30, 2002
Publish
[CR25]