Criminal Case Template



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

 )
 No. 08-03-00063-CR

IN RE: EUGENIO L. RODRIGUEZ,
)


)
 AN ORIGINAL PROCEEDING

 Relator.
)


)
 IN MANDAMUS

)


)



O P I N I O N



 Eugenio L. Rodriguez has filed a pro se petition for writ of mandamus, seeking an order
compelling the trial court to rule on his motion for forensic DNA testing and appointment of counsel. 
For the reasons that follow, we deny relief.

PROCEDURAL BACKGROUND


 On July 11, 2002, Rodriguez filed in the trial court a motion for forensic DNA testing and
appointment of counsel. The motion was accompanied by a letter to the district clerk, requesting the
clerk to "file the same with your office and bring it to the attention of the court at your earliest
convenences [sic]." On February 10, 2003, Rodriguez filed a mandamus petition in this court,
claiming that the trial court had failed to rule on the motion during the previous seven months. The
State filed a response, asserting that the trial court has now appointed counsel to represent Rodriguez
in the proceedings for forensic DNA testing. Attached to the State's response is a copy of an "Order
Appointing Attorney on Appeal," dated April 21, 2003. (1)

REQUISITES FOR RELIEF


 To obtain mandamus relief in a criminal matter, the relator must establish that (1) the act
sought to be compelled is ministerial, and (2) there is no adequate remedy at law. Dickens v. Court
of Appeals for Second Supreme Judicial Dist., 727 S.W.2d 542, 548 (Tex.Crim.App. 1987)(orig.
proceeding).

 Chapter 64 of the Code of Criminal Procedure provides that a convicted person may file in
the trial court a motion for forensic DNA testing of evidence containing biological material. 
Tex.Code Crim.Proc.Ann. art. 64.01(a)(Vernon Supp. 2003). A person is entitled to counsel
during a proceeding for forensic DNA testing. Id. art. 64.01(c). "If a convicted person informs the
convicting court that the person wishes to submit a motion . . . and if the court determines that the
person is indigent, the court shall appoint counsel for the person." [Emphasis added]. Id. The
language of this statute is mandatory. Neveu v. Culver, ___ S.W.3d ___, 2003 WL 21184140, at *1
(Tex.Crim.App. May 21, 2003)(orig. proceeding). The convicted person does not need to make a
prima facie case of entitlement to DNA testing before the right to counsel attaches. In re Rodriguez,
77 S.W.3d 459, 461 (Tex.App.--Corpus Christi 2002, orig. proceeding). Instead, if the convicted
person is indigent, appointment of counsel is a ministerial act. Neveu, ___ S.W.3d at ___, 2003 WL
21184140, at *1.

 A convicted person has no right to appeal the trial court's refusal to appoint counsel in a
forensic DNA proceeding. Id. at *2. Therefore, there is no adequate remedy at law. Id. Moreover,
a trial court is required to consider and rule on a motion within a reasonable time. In re Bonds, 57
S.W.3d 456, 457 (Tex.App.--San Antonio 2001, orig. proceeding). When a motion has been
properly filed and has been brought to the court's attention, the act of giving consideration to and
ruling upon that motion is a ministerial act, and mandamus may issue to compel the judge to act. 
See id.; see also In re Cash, 99 S.W.3d 286, 288 (Tex.App.--Texarkana 2003, orig. proceeding)
(conditionally granting writ of mandamus when the trial court failed to rule on a motion for forensic
DNA testing for five months).

RELIEF SOUGHT


 Rodriguez's motion requested both forensic DNA testing and an attorney to represent him
in the forensic DNA proceedings. Although there is no indication that the trial court has ruled on
Rodriguez's request for forensic DNA testing, the trial court has signed an order appointing counsel
for Rodriguez. By its terms, the order appoints counsel to represent Rodriguez "on appeal." Because
there is no appeal pending in this matter, we construe the order as appointing counsel for the forensic
DNA proceedings.

 By appointing counsel, the trial court granted Rodriguez part of the relief he has been
seeking. We trust that the court will rule on Rodriguez's motion for forensic DNA testing within
a reasonable time after counsel has had an opportunity to consult with Rodriguez. We expect
counsel, the Honorable Dan Sullivan, to take appropriate steps to ensure that a motion for forensic
DNA testing is considered and ruled on by the court.

 Because the trial court has begun to act on Rodriguez's motion, we conclude that Rodriguez
is not entitled to mandamus relief at this time. See In re Dimas, 88 S.W.3d 349, 351 (Tex.App.--San
Antonio 2002, orig. proceeding). Accordingly, the petition for writ of mandamus is denied. 



June 19, 2003 
 ANN CRAWFORD McCLURE, Justice


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)
1. In his mandamus petition, Rodriguez alleged that he was convicted of capital murder. The Court of Criminal
Appeals, not this court, has jurisdiction over appeals arising from forensic DNA proceedings in capital cases. See Tex.
Code Crim. Proc. Ann. art. 64.05 (Vernon Supp. 2003). We asked the State to file a response addressing whether we
have jurisdiction to grant mandamus relief. Rodriguez subsequently acknowledged that he was convicted of non-capital
murder, and the State has provided us with a copy of a judgment so indicating.