IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 74,691






EUGENE J. WINTERS, Relator



v.



THE PRESIDING JUDGE OF THE CRIMINAL DISTRICT COURT NUMBER
THREE OF TARRANT COUNTY, Respondent







ON APPLICATION FOR A WRIT OF MANDAMUS 


FROM TARRANT COUNTY 






 Meyers, J., delivered the unanimous opinion of the Court.

 



OPINION





 Winters ("relator") pleaded guilty to aggravated sexual assault of a child under
fourteen years of age and was sentenced to 20 years imprisonment in the Institutional
Division of the Texas Department of Criminal Justice. On February 1, 2002, relator filed a
Motion for DNA Testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. 
On August 12, 2002, the convicting court ("respondent") denied relator's Motion for DNA
Testing, including his request for counsel. Relator then filed an application for writ of
mandamus, alleging that the trial judge erred in denying him counsel for the Chapter 64
proceeding. This Court remanded to determine whether relator requested counsel and, if
so, why counsel was not appointed. Respondent answered, noting that relator did request
counsel in his original Motion filed pursuant to Chapter 64. Respondent's answer gave
three reasons for denying relator's Motion for DNA testing, as well as his request for
counsel: (1) The victim was not medically examined until three weeks after the offense,
(2) No biological evidence was collected during the medical exam, and (3) The relator's
conduct in digitally penetrating the victim was not likely to leave biological evidence. It is
undisputed that relator proved his indigence in his original Motion. The issue before us is,
when a defendant has met the test for appointment of counsel under Chapter 64 of the
Texas Code of Criminal Procedure, whether the convicting court has discretion to deny
appointment of counsel. We hold that, notwithstanding the improbability of obtaining
relief, appointment of counsel is mandatory.Discussion

Constitutional right to counsel 

 The United States Supreme Court has held that there is no federal constitutional
right to an attorney during a post-conviction collateral attack. Pennsylvania v. Finley, 481
U.S. 551, 555 (1987); 107 S.Ct. 1990, 1993, 95 L. Ed. 2d 539, 545-46 (1987); In re
Beasley, 107 S.W.3d 696, 697 (Tex. App.- Austin 2003, no pet. h.). Nor is there such a
right under the Texas Constitution. In re Beasley, 107 S.W.3d at 697 (citing Ex parte
Mines, 26 S.W.3d 910, 913 (Tex. Crim. App. 2000)). This Court recognizes that a mere
legislative decision to provide counsel in a post-conviction proceeding does not "turn a
legislative act of grace into a constitutional right." Ex parte Graves, 70 S.W.3d 103, 110
(Tex. Crim. App. 2002); see Morris v. State, 110 S.W.3d 100, 103 (Tex. App.- Eastland
2003). A Chapter 64 proceeding is a collateral attack on the conviction and there is
therefore no federal or state constitutional right to an attorney in such a case. See Beasley,
107 S.W.3d at 697-698; see also Gray v. State, 69 S.W.3d 835, 837 (Tex. App.- Waco
2002, no pet.). While that is true, the absence of a constitutional right to counsel does not
preclude a statutory mandate from requiring counsel to be appointed. 

Statutory right to counsel

 Article (1) 64.01(c) of the Texas Code of Criminal Procedure states that "[a] convicted
person is entitled to counsel during a proceeding under this chapter. If a convicted person
informs the trial court that the person wishes to submit a motion under this chapter and if
the court determines that the person is indigent, the court shall appoint counsel for the
person." Tex. Crim. Pro. Code Ann. art. 64.01(c) (Vernon Supp. 2003). The Article says
a person is entitled to counsel under that chapter. Id. Furthermore, it says the court shall
appoint counsel for the defendant if the defendant informs the court he intends to file a
motion under Chapter 64 and the court finds him indigent. Id. Per the literal reading of the
statute, the defendant need not even ask to be appointed an attorney; the court must appoint
an attorney if the two basic requirements of Article 64.01(c) are met. 

 Respondent admits that providing counsel in a Chapter 64 proceeding is required by
the statute, but asserts that doing so would be a "useless act" due to the lack of evidence
containing biological material available for testing. However, no wording in the statute
gives a judge the discretion to deny appointment of an attorney merely because the judge
concludes that doing so would be "useless." See Id. Appointment of counsel is mandatory
if the convicted person does two things: proves he is indigent and informs the court that he
wishes to file a motion under Chapter 64. Neveu v. Culver, 105 S.W.3d 641, 642 (Tex.
Crim. App. 2003). The statute does not require a person to make a prima facie case that he
is entitled to DNA testing before the right to counsel attaches. In re Rodriguez, 77 S.W.3d
at 461. If the relator requests counsel and proves indigence, the appointment of counsel is
a "purely ministerial act." Neveu, 105 S.W.3d at 642.

Mandamus Relief

 Mandamus relief may be granted if the relator shows the following: (1) that the act
sought to be compelled is purely ministerial and (2) that there is no adequate remedy at law.
 Neveu, 105 S.W.3d at 642 (citing State ex rel. Rosenthal v. Poe, 98 S.W.3d 194, 198
(Tex. Crim. App. 2003)). Additionally, the relator must have a "clear right to the relief
sought," meaning that the merits of the relief sought are "beyond dispute." In re
Rodriguez, 77 S.W.3d at 461. The requirement of a clear legal right necessitates that the
law plainly describes the duty to be performed such that there is no room for the exercise
of discretion. Id.

 As previously discussed, the court's duty to appoint counsel is a ministerial act if
the requirements under 64.01(c) are met. Neveu, 105 S.W.3d at 642. Here, relator
requested counsel and proved his indigence as required by Article 64.01(c). Thus, the first
requirement for mandamus relief is fulfilled. Chapter 64 does not provide for an appeal
regarding indigence or the appointment of counsel under Article 64.01(c). Id. at 643. The
inability to appeal leaves relator with no adequate remedy at law. Id. at 642-43 (citing Poe,
98 S.W.3d at 198). Relator has therefore met the second requirement for mandamus relief. 
As to the court's duty being indisputably articulated, Article 64.01(c) clearly describes the
duty which the court must perform. See Tex. Crim. Pro. Code Ann. art. 64.01(c) (Vernon
Supp. 2003). The statute says that a convicted person is entitled to counsel and that the
court shall appoint counsel; it leaves no room for a judge's discretion. See id. Our Court
recently issued a writ of mandamus in a case with virtually the same facts surrounding
relator's case here. See Neveu, 105. S.W.3d 641 (relator sought writ of mandamus
ordering respondent judge to appoint an attorney for relator's motion for DNA testing
under Tex. Crim. Pro. Code. Ann. Art. 64.01(c)). All requirements for mandamus relief
have been fulfilled. 

Conclusion

 Because relator met the test for appointment of counsel and because all
requirements for mandamus relief have been fulfilled, we conditionally grant relator's
petition for writ of mandamus and direct respondent to: (1) vacate his August 12, 2002
order denying relator's motion for post-conviction DNA testing, (2) appoint counsel to
represent relator in the Chapter 64 proceeding, and (3) reconsider relator's motion for
post-conviction DNA testing after counsel has been appointed. (2)


 Meyers, J.


Delivered: October 22, 2003

Publish
1. Unless otherwise noted, all future references to Articles refer to the Texas Code of Criminal
Procedure.
2. We note that House Bill 1011, amending Chapter 64, became effective on September 1,
2003. HB 1011, 78th Leg., Reg. Sess., (Tex. 2003). The Bill changes Article 64.01(c) to read, in
relevant part, as follows: "The convicting court shall appoint counsel for the convicted person if the
person informs the court that the person wishes to submit a motion under this chapter, the court finds
reasonable grounds for a motion to be filed, and the court determines that the person is indigent." 
Id. (emphasis added). Had relator's motion been filed subsequent to September 1, 2003, the
disposition of this case might have been different. However, HB 1011 mandates that a motion
submitted before HB 1011 became effective is governed by the law in effect when the motion was
made, and we therefore make our ruling based on the law in effect prior to HB 1011.