NO. 07-03-0288-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 1, 2003
_____

WILLIAM McGUIRE,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 2876A; HON. RON ENNS, PRESIDING
_____

*Opinion Dismissing Appeal*
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Appellant William McGuire appeals from the trial court's failure to appoint counsel for him prior to ruling on his motion for forensic DNA testing. We dismiss the appeal for want of jurisdiction.

Appellant was convicted of aggravated sexual assault of a child. On April 30, 2003, appellant filed a post-conviction motion for forensic DNA testing pursuant to Chapter 64 of the Code of Criminal Procedure. At the same time, he filed a declaration of indigence

and a request that the trial court appoint counsel to represent him. The State filed a response to the motion on May 20, 2003, in which it asserted, among other things, that the file contained no reference to any existing item or items that contained biological material. The State requested the court to conduct an in-camera inspection of the file. On June 2, 2003, the court entered an order denying appellant's motion. In doing so, the court stated it had conducted an in-camera inspection of the file and that no evidence existed which might contain biological material or make the identity of appellant an issue in the case. The record does not reveal that the court ever conducted an inquiry into appellant's alleged indigence or appointed counsel to represent him.

A convicted person is entitled to counsel during a proceeding under Chapter 64 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 64.01(c) (Vernon Supp. 2004). If the person informs the court that he wishes to submit a motion, and if the court determines he is indigent, the court shall appoint counsel for the person. *Id.* The language of the statute is mandatory. *Winters v. Presiding Judge of the Crim. Dist. Court No. Three,* No. 74,691, slip op., 2003 Tex. Crim. App. LEXIS 675 at 2 (Tex. Crim. App. October 22, 2003); *Neveu v. Culver,* 105 S.W.3d 641, 642 (Tex. Crim. App. 2003). It matters not that appellant notified the court of his desire for appointed counsel at the same time he filed a motion for forensic testing. *Clark v. State,* 84 S.W.3d 313, 314 (Tex. App.--Beaumont 2002, pet. ref'd); *see Rodriguez v. State,* 77 S.W.3d 459, 460-61 (Tex. App.--Corpus Christi 2002, no pet.) (holding relator was entitled to appointed counsel when he filed an application for post-conviction forensic DNA testing along with a declaration of inability to pay costs); *see also Winters v. Presiding Judge of the Crim. Dist. Court No. Three,* 2003

2

Tex. Crim. App. LEXIS 675 at 4 (holding that a defendant does not even have to ask for appointment of counsel if he informs the court he wants to file a motion for testing and the court finds him indigent).

Nevertheless, the statute provides for an appeal only of a finding under article 64.03 or 64.04 of the Code of Criminal Procedure (relating to an order for forensic testing and whether the results are favorable to the convicted person). TEX. CODE CRIM. PROC. ANN. art. 64.05 (Vernon Supp. 2003). There is no provision for a direct appeal of the trial court's failure to appoint counsel. *Winters v. Presiding Judge of the Crim. Dist. Court No. Three,* 2003 Tex. Crim. App. 675 at 6; *Neveu v. Culver,* 105 S.W.3d at 642-43; *Fry v. State,* 112 S.W.3d 611, 613 (Tex. App.--Fort Worth 2003, pet. ref'd). Thus, there is no appealable order before this court, and we have no jurisdiction to consider the appeal.[1] *See Fry v. State,* 112 S.W.3d at 613; *McIntosh v. State,* 110 S.W.3d 51, 52-53 (Tex. App.--Waco 2002, no pet.).

Accordingly, the appeal is dismissed.


Per Curiam

Do not publish.

---

[1]Appellant has a remedy by way of petition for writ of mandamus. *See Neveu v. Culver,* 105 S.W.3d 641 (Tex. Crim. App. 2003).