TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00263-CR







In re Michael Earl Cruthird, Sr.







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 47,106, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Michael Earl Cruthird, Sr., is serving a life sentence for capital murder. On July 5,
2001, Cruthird filed a pro se motion for forensic DNA testing. See Act of April 3, 2001, 77th Leg.,
R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 2-4 (current version at Tex. Code Crim. Proc. Ann. arts.
64.01-.05 (West Supp. 2004). (1) The district court denied the motion on June 3, 2002, and Cruthird
perfected this appeal. (2)

Cruthird's sole issue on appeal is whether the district court erred by failing to appoint
substitute counsel after the attorney originally appointed for him in this proceeding was permitted
to withdraw. An attorney was appointed for Cruthird two weeks after his pro se motion for testing
was filed. (3) On March 19, 2002, this attorney's motion to withdraw was granted by the trial court but
substitute counsel was not appointed. The State's response to the testing motion was filed on May
30, 2002, and the motion was denied on June 3, 2002. Cruthird remained without counsel until June
27, 2002, the day after he perfected appeal, when his present attorney was appointed.

The State raises the question whether this issue is properly before us. Former article
64.05 only authorized an appeal of a finding made pursuant to articles 64.03 or 64.04; there was no
provision for appealing a finding or order regarding the appointment of counsel pursuant to article
64.01(c). Neveu v. Culver, 105 S.W.3d 641, 643 (Tex. Crim. App. 2003); Fry v. State, 112 S.W.3d
611, 613 (Tex. App.--Fort Worth 2003, pet. ref'd). Cruthird, however, is not appealing from an
order refusing to appoint counsel. This appeal is from an order denying testing based on findings
made pursuant to former article 64.03. Because Cruthird is complaining that he was without counsel
at the time the findings were made, the issue he raises is within the scope of the appeal authorized
by former article 64.05.

There is no federal or state constitutional right to counsel in a chapter 64 proceeding. 
Winters v. Presiding Judge, 118 S.W.3d 773, 774 (Tex. Crim. App. 2003); In re Beasley, 107
S.W.3d 696, 697 (Tex. App.--Austin 2003, no pet.). There is, however, a statutory right to counsel
in such proceedings. Under former article 64.01(c), the convicting court had a mandatory duty to
appoint counsel if a convicted person informed the court that he wished to submit a motion under
chapter 64 and the court determined that the person was indigent. Winters, 118 S.W.3d at 775;
Neveu, 105 S.W.3d at 642. There is no dispute that Cruthird was indigent and therefore entitled to
counsel upon request.

The language of article 64.01(c) makes it clear that a primary reason for appointing
counsel is to assist the convicted person in preparing and filing a motion for forensic DNA testing. 
Cruthird was not denied this benefit because he elected to prepare his own pro se motion for testing
and did not request counsel until four months after the motion was filed. After the request for
counsel was made, Cruthird was statutorily entitled to counsel throughout the remainder of this
chapter 64 proceeding. We conclude that the district court had a duty to appoint substitute counsel
after permitting the first attorney to withdraw, and that it was error for the court to rule on the testing
motion when Cruthird was without counsel. Because the error is statutory, we must disregard it
unless it affected a substantial right. Tex. R. App. P. 44.2(b); see Cain v. State, 947 S.W.2d 262, 264
(Tex. Crim. App. 1997) (no statutory error is immune from harmless error analysis).

No hearing was required before the court decided whether to order testing. Rivera
v. State, 89 S.W.3d 55, 58-59 (Tex. Crim. App. 2002). The district court properly ruled on the basis
of Cruthird's motion and supporting affidavit, which he prepared and filed before requesting counsel,
and the State's response. Cruthird does not assert that the district court's article 64.03 findings were
affected by his lack of counsel between March 19, 2002, when his first attorney was allowed to
withdraw, and June 3, 2002, the day the findings were made. On this record, we conclude that the
district court did not violate a substantial right by making its findings while Cruthird was without
counsel.

Cruthird sought to have DNA testing performed on two infant's socks found in the
bed of the fourteen-month-old deceased. As discussed in this Court's opinion on direct appeal, there
appeared to be vomitus on these socks and there was expert testimony that children often vomit
when they sustain a severe brain injury of the sort the deceased suffered. Cruthird v. State, No. 03-97-00357-CR, 1998 Tex. App. LEXIS 3591, at *15-18 (Tex. App.--Austin June 11, 1998, pet. ref'd)
(not designated for publication). In his brief, Cruthird argues that "there is no way to gauge the value
of the [requested] test data in the hands of [a] zealous advocate for Appellant." This argument is not
on point because it assumes that DNA testing was ordered and performed. We are not reviewing a
denial of counsel at a post-testing hearing pursuant to former article 64.04.

The district court found that Cruthird "has not established by a preponderance of the
evidence that a reasonable probability exists that he would not have been prosecuted or convicted
if 'exculpatory' results had been obtained through DNA testing of the yellow and the white baby
socks." See former art. 64.03(a)(2)(A). Cruthird does not bring forward an issue or point of error
challenging this finding. He does, however, assert in his brief that if DNA testing showed that the
substance on the socks did not come from the deceased, "serious doubt" would be cast on the expert
testimony regarding the time and cause of the deceased's injury. We will address this contention in
the interest of justice. See Rivera, 89 S.W.3d at 59 (standard of review).

We have carefully reviewed this Court's extensive discussion of the evidence in the
opinion on direct appeal, particularly the expert testimony regarding the time and cause of the
deceased's injury. See Kutzner v. State, 75 S.W.3d 427, 435-36 (Tex. Crim. App. 2002) (considering
opinion on direct appeal to decide DNA testing appeal). We find no indication that the presence of
vomitus on the infant's socks was a significant factor in the experts' analysis. It was the massive
degree of brain damage that led the experts to conclude that the child's injury did not occur during
a fall down the stairs several days before she was admitted to the hospital, as Cruthird suggested in
his testimony. See Cruthird, 1998 Tex. App. LEXIS 3591, at *15-22. It is not reasonably probable
that the requested DNA tests would prove Cruthird's innocence, even if the results showed that the
vomitus on the socks did not come from the deceased. See Kutzner, 75 S.W.3d at 438-39. We agree
with the district court that Cruthird did not establish by a preponderance of the evidence that there
is a reasonable probability that he would not have been prosecuted or convicted if the DNA test
results were exculpatory in the manner he suggests. 

Because the trial court did not reversibly err by failing to appoint substitute counsel
before ruling on Cruthird's motion for testing, and because the court's findings are supported by the
record, we affirm the order denying testing.


 __________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: July 15, 2004

Do Not Publish
1. Chapter 64 was amended effective September 1, 2003. See Act of April 25, 2003, 78th Leg.,
R.S., ch. 13, §§ 1-5, 2003 Tex. Gen. Laws 16, 16-17. The 2003 amendments apply only to DNA
testing motions filed on or after September 1, 2003; motions filed before that date are governed by
the former law. Id. ch. 13, § 8, 2003 Tex. Gen. Laws at 17.
2. The appeal was originally filed in this Court. Believing that we were without jurisdiction, we
dismissed the appeal and instructed the Clerk to forward the record to the court of criminal appeals. 
That court returned the appeal to us after it determined that its appellate jurisdiction under former
article 64.05 was limited to cases in which the death penalty was imposed. See Sisk v. State, 131
S.W.3d 492, 497 (Tex. Crim. App. 2004).
3. The attorney was appointed even though Cruthird did not request counsel until November 9,
2001.