NO. 07-04-0566-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 4, 2005

_____

IN RE CLARENCE D. BROWN, RELATOR

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Relator Clarence D. Brown, an indigent inmate, requests we compel the Honorable Jim Bob Darnell, Judge of the 140th District Court of Lubbock County, to appoint counsel pursuant to article 64.01(c) of the Texas Code of Criminal Procedure to pursue a motion for DNA testing. Under applicable principles of law, relator's petition is denied.

Article 64.01(c) provides that a convicted person is entitled to counsel if he wishes to submit a motion for DNA testing. The statute further provides:

> [t]he convicting court *shall* appoint counsel for the convicted person if the person informs the court that the person wishes to submit a motion under this chapter, the court finds reasonable grounds for a motion to be filed, and the court determines that the person is indigent.

(Emphasis added). The language of the statute is mandatory. Neveu v. Culver, 105 S.W.3d 641, 642 (Tex.Cr.App. 2003). Once the convicting court determines relator is indigent, the appointment of counsel is a purely ministerial act. *Id.*

Mandamus relief was conditionally granted in Winters v. The Presiding Judge of the Criminal District Court Number Three of Tarrant County, in which the Court noted that appointment of counsel under chapter 64 is mandatory if the convicted person proves he is indigent and informs the court he wishes to file a motion under chapter 64. 118 S.W.3d 773, 775 (Tex.Cr.App. 2003). The respondent in *Winters* had acknowledged that appointment of counsel pursuant to article 64.01(c) was mandatory, but declined to appoint counsel noting that to do so would be "useless."

Relator is entitled to mandamus relief if he establishes (1) the act sought to be compelled is purely ministerial and (2) he has no other adequate legal remedy. State ex rel. Rosenthal v. Poe, 98 S.W.3d 194, 198 (Tex.Cr.App. 2003). The ministerial act requirement is satisfied if relator establishes a "clear right to the relief sought" with nothing left to the exercise of discretion or judgment. *Id*. Article 64.01(c) does not require relator to make a *prima facie* showing that he is entitled to DNA testing before his right to counsel attaches. In re Rodriguez, 77 S.W.3d 459, 461 (Tex.App.–Corpus Christi 2002, orig. proceeding).

2

When a motion is properly pending before a trial court, the act of considering and ruling upon it is a ministerial act. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). However, before relator may be entitled to mandamus relief, he must provide a sufficient record to show the motion was presented to the trial court and it refused to act. *In re Villarreal,* 96 S.W.3d at 710 n.2 (filing something with the district clerk does not demonstrate that a motion has been brought to the trial court's attention). Relator's petition is not accompanied by a certified or sworn copy of the motion that is the subject of his complaint as required by Rule 52.3(j)(1)(A) of the Texas Rules of Appellate Procedure. Thus, we conclude he has not satisfied the burden to show entitlement to mandamus relief. *See Walker*, 827 S.W.2d at 837.

Accordingly, relator's petition for writ of mandamus is denied.

Don H. Reavis
Justice