IN RE JERRY WAYNE JOHNSON, RELATOR



NO. 07-05-0040-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



FEBRUARY 16, 2005



______________________________




IN RE JERRY WAYNE JOHNSON, RELATOR


_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ

MEMORANDUM OPINION


 Relator Jerry Wayne Johnson, an indigent inmate, requests we compel the
Honorable Mackey Hancock, Judge of the 99th District Court of Lubbock County, to appoint
counsel pursuant to article 64.01(c) of the Texas Code of Criminal Procedure to pursue
a motion for DNA testing. Under applicable principles of law, relator's petition is denied.

 At the time relator filed his motion on May 6, 2002, article 64.01(c) provided that a
convicted person was entitled to counsel if he wished to submit a motion for DNA testing
under subparagraph (a). The statute further provided:

 [i]f a convicted person informs the convicting court that the person wishes to
submit a motion under this chapter and if the court determines that the
person is indigent, the court shall appoint counsel for the person. . . .


See Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2. (1) The
language of the statute is mandatory. Neveu v. Culver, 105 S.W.3d 641, 642 (Tex.Cr.App.
2003). Once the convicting court determines relator is indigent, the appointment of counsel
is a purely ministerial act. Id. 

 Mandamus relief was conditionally granted in Winters v. The Presiding Judge of the
Criminal District Court Number Three of Tarrant County, in which the Court noted that
appointment of counsel under chapter 64 is mandatory if the convicted person proves he
is indigent and informs the court he wishes to file a motion under chapter 64. 118 S.W.3d
773, 775 (Tex.Cr.App. 2003). The respondent in Winters had acknowledged that
appointment of counsel pursuant to article 64.01(c) was mandatory, but declined to appoint
counsel noting that to do so would be "useless." 

 Relator is entitled to mandamus relief if he establishes (1) the act sought to be
compelled is purely ministerial and (2) he has no other adequate legal remedy. State ex
rel. Rosenthal v. Poe, 98 S.W.3d 194, 198 (Tex.Cr.App. 2003). The ministerial act
requirement is satisfied if relator establishes a "clear right to the relief sought" with nothing
left to the exercise of discretion or judgment. Id. Article 64.01(c) does not require relator
to make a prima facie showing that he is entitled to DNA testing before his right to counsel
attaches. In re Rodriguez, 77 S.W.3d 459, 461 (Tex.App.-Corpus Christi 2002, orig.
proceeding). 

 When a motion is properly pending before a trial court, the act of considering and
ruling upon it is a ministerial act. Eli Lilly and Co. v. Marshall, 829 S.W.2d 157, 158 (Tex.
1992). However, before relator may be entitled to mandamus relief, he must provide a
sufficient record to show the motion was presented to the trial court and it refused to act. 
In re Villarreal, 96 S.W.3d 708, 710 n.2 (Tex.App.-Amarillo 2003, no pet.) (filing something
with the district clerk does not demonstrate that a motion has been brought to the trial
court's attention). 

 By his petition for writ of mandamus, relator contends that on May 6, 2002, he filed
four documents in the trial court, to-wit: (1) request for appointment of counsel; (2) affidavit
in support thereof; (3) motion for post-conviction DNA testing; and (4) affidavit in support
of the motion. Attached to his petition is a copy of a letter dated June 21, 2002, to the
District Court Coordinator inquiring about any court orders relating to the filed documents
and a copy of a letter dated January 9, 2003, to the District Court Administrator requesting
that the filed documents be "placed before the court for consideration and orders." 
However, nothing in the scant record demonstrates presentation of his motion to the trial
court and a refusal to act. We conclude relator has not satisfied the burden to show
entitlement to mandamus relief. See Walker, 827 S.W.2d at 837.

 Additionally, relator's petition for writ of mandamus is not accompanied by an
appendix containing a certified or sworn copy of the motion that is the subject of this
proceeding as required by Rule 52.3(j)(1)(A) of the Texas Rules of Appellate Procedure. 
Nor did he include any of the other documents which he filed in the trial court that would
show the matter complained of. Id.

 Accordingly, relator's petition for writ of mandamus is denied. 

 Don H. Reavis

 Justice
1. Amended by Act of April 25, 2003, 78th Leg., R.S., ch. 12, § 1, 2003 Tex. Gen.
Laws 16, adding the requirement that the convicting court find reasonable grounds for a
motion to be filed.



ly: Arial"> Per Curiam

Do not publish.