NO. 07-05-0040-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 16, 2005

_____

IN RE JERRY WAYNE JOHNSON, RELATOR

_____

Before QUINN and REAVIS and CAMPBELL, JJ

**MEMORANDUM OPINION**

Relator Jerry Wayne Johnson, an indigent inmate, requests we compel the Honorable Mackey Hancock, Judge of the 99th District Court of Lubbock County, to appoint counsel pursuant to article 64.01(c) of the Texas Code of Criminal Procedure to pursue a motion for DNA testing. Under applicable principles of law, relator's petition is denied.

At the time relator filed his motion on May 6, 2002, article 64.01(c) provided that a convicted person was entitled to counsel if he wished to submit a motion for DNA testing under subparagraph (a). The statute further provided:

> [i]f a convicted person informs the convicting court that the person wishes to submit a motion under this chapter and if the court determines that the person is indigent, the court shall appoint counsel for the person. . . .

*See* Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2.[1] The language of the statute is mandatory. Neveu v. Culver, 105 S.W.3d 641, 642 (Tex.Cr.App. 2003). Once the convicting court determines relator is indigent, the appointment of counsel is a purely ministerial act. *Id.*

Mandamus relief was conditionally granted in Winters v. The Presiding Judge of the Criminal District Court Number Three of Tarrant County, in which the Court noted that appointment of counsel under chapter 64 is mandatory if the convicted person proves he is indigent and informs the court he wishes to file a motion under chapter 64. 118 S.W.3d 773, 775 (Tex.Cr.App. 2003). The respondent in *Winters* had acknowledged that appointment of counsel pursuant to article 64.01(c) was mandatory, but declined to appoint counsel noting that to do so would be "useless."

Relator is entitled to mandamus relief if he establishes (1) the act sought to be compelled is purely ministerial and (2) he has no other adequate legal remedy. State ex rel. Rosenthal v. Poe, 98 S.W.3d 194, 198 (Tex.Cr.App. 2003). The ministerial act requirement is satisfied if relator establishes a "clear right to the relief sought" with nothing left to the exercise of discretion or judgment. *Id.* Article 64.01(c) does not require relator

---

[1]*Amended by* Act of April 25, 2003, 78th Leg., R.S., ch. 12, § 1, 2003 Tex. Gen. Laws 16, adding the requirement that the convicting court find reasonable grounds for a motion to be filed.

to make a *prima facie* showing that he is entitled to DNA testing before his right to counsel attaches. In re Rodriguez, 77 S.W.3d 459, 461 (Tex.App.–Corpus Christi 2002, orig. proceeding).

When a motion is properly pending before a trial court, the act of considering and ruling upon it is a ministerial act. Eli Lilly and Co. v. Marshall, 829 S.W.2d 157, 158 (Tex. 1992). However, before relator may be entitled to mandamus relief, he must provide a sufficient record to show the motion was presented to the trial court and it refused to act. In re Villarreal, 96 S.W.3d 708, 710 n.2 (Tex.App.–Amarillo 2003, no pet.) (filing something with the district clerk does not demonstrate that a motion has been brought to the trial court's attention).

By his petition for writ of mandamus, relator contends that on May 6, 2002, he filed four documents in the trial court, to-wit: (1) request for appointment of counsel; (2) affidavit in support thereof; (3) motion for post-conviction DNA testing; and (4) affidavit in support of the motion. Attached to his petition is a copy of a letter dated June 21, 2002, to the District Court Coordinator inquiring about any court orders relating to the filed documents and a copy of a letter dated January 9, 2003, to the District Court Administrator requesting that the filed documents be "placed before the court for consideration and orders." However, nothing in the scant record demonstrates presentation of his motion to the trial court and a refusal to act. We conclude relator has not satisfied the burden to show entitlement to mandamus relief. *See Walker*, 827 S.W.2d at 837.

3

Additionally, relator's petition for writ of mandamus is not accompanied by an appendix containing a certified or sworn copy of the motion that is the subject of this proceeding as required by Rule 52.3(j)(1)(A) of the Texas Rules of Appellate Procedure. Nor did he include any of the other documents which he filed in the trial court that would show the matter complained of. *Id.*

Accordingly, relator's petition for writ of mandamus is denied.

Don H. Reavis
Justice