NUMBERS 13-05-583-CR

  


COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

                   IN
RE: EUSTORGIO GUZMAN RESENDEZ

 

                                  On
Petition for Writ of Mandamus

 

 

                               MEMORANDUM
OPINION

 

           Before
Chief Justice Valdez and Justices Castillo and Garza

                      Memorandum
Opinion by Chief Justice Valdez

 








Relator Eustorgio Guzman Resendez, a pro se inmate,
requests we compel the judge of the 139th District Court of Hidalgo County to
rule on relator=s motion for forensic DNA testing pursuant to
article 64.01 of the Texas Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 64.01 (Vernon Supp. 2004-05).  Relator alleges that over two years have
passed since the filing of his motion and there has been no response from the
trial court.[1]

When a motion is properly pending before a trial
court, the act of considering and ruling upon it is a ministerial act.  Eli Lilly & Co. v. Marshall, 829
S.W.2d 157, 158 (Tex. 1992).   Before
relator may be entitled to mandamus relief, however, he must provide a
sufficient record to show the motion was presented to the trial court and it
refused to act.  In re Villarreal,
96 S.W.3d 708, 710 n.2 (Tex. App.BAmarillo 2003, orig. proceeding) (filing something
with the district clerk does not demonstrate that a motion has been brought to
the trial court's attention).   Relator's
petition is not accompanied by a certified or sworn copy of the motion that is
the subject of his complaint as required by Rule 52.3(j)(1)(A) of the Texas
Rules of Appellate Procedure.  See
Tex. R. App. P. 52.3(j)(1)(A).  Thus, we conclude he has not satisfied his
procedural burden to show entitlement to mandamus relief.  See Walker v. Packer, 827 S.W.2d 833,
837 (Tex. 1992).  

Accordingly, relator's petition for writ of mandamus
is denied.

 

  

                                                                                                                                                Rogelio Valdez,

Chief Justice

 

Memorandum Opinion delivered and filed 

this the 21st day of September, 2005.











[1]In his petition for writ of
mandamus, relator notes AAmong other things that have not
been set for hearing is the appointment of Counsel . . . .@ 
Article 64.01(c) provides that the convicting court must appoint
counsel for the convicted person if the person informs the court that he wishes
to submit a motion under this chapter, the court finds reasonable grounds for a
motion to be filed, and the court determines that the person is indigent.   See Tex.
Code Crim. Proc. Ann. art. 64.01 (Vernon Supp. 2004‑05). The
language of the statute is mandatory.  See
Neveu v. Culver, 105 S.W.3d 641, 642 (Tex. Crim. App. 2003). Once the
convicting court determines relator is indigent, the appointment of counsel is
a purely ministerial act.  Id.  However, relator has not specifically
complained that he has been denied his right to appointed counsel; instead, he
complains only that this appointment has not been timely made.