NO. 07-04-0042-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MARCH 29, 2006


 ______________________________



IN RE: ESTATE OF FRANK HERSEY, DECEASED


------------------------------



LINDA KAY RISINGER HERSEY



V.



REGINALD S.Y. LEE, INDEPENDENT EXECUTOR, ET AL. 


_________________________________



FROM THE COUNTY COURT AT LAW NO. 1 OF MONTGOMERY COUNTY;



NO. 98-17,027-P; HONORABLE DENNIS WATSON, JUDGE


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

ORDER REINSTATING APPEAL


 On August 22, 2005, by letter, this Court stayed all proceedings of the above appeal
until further notice. This appeal is reinstated on the Court's docket.

 The clerk's record has been filed. Appellant's brief is due May 1, 2006 and all other 
deadlines shall be in accordance with the Texas Rules of Appellate Procedure. 

 It is so ordered.

 Per Curiam



105
S.W.3d 641, 642 (Tex.Cr.App. 2003). Once the convicting court determines relator is
indigent, the appointment of counsel is a purely ministerial act. Id. 

 Mandamus relief was conditionally granted in Winters v. The Presiding Judge of the
Criminal District Court Number Three of Tarrant County, in which the Court noted that
appointment of counsel under chapter 64 is mandatory if the convicted person proves he
is indigent and informs the court he wishes to file a motion under chapter 64. 118 S.W.3d
773, 775 (Tex.Cr.App. 2003). The respondent in Winters had acknowledged that
appointment of counsel pursuant to article 64.01(c) was mandatory, but declined to appoint
counsel noting that to do so would be "useless." 

 Relator is entitled to mandamus relief if he establishes (1) the act sought to be
compelled is purely ministerial and (2) he has no other adequate legal remedy. State ex
rel. Rosenthal v. Poe, 98 S.W.3d 194, 198 (Tex.Cr.App. 2003). The ministerial act
requirement is satisfied if relator establishes a "clear right to the relief sought" with nothing
left to the exercise of discretion or judgment. Id. Article 64.01(c) does not require relator
to make a prima facie showing that he is entitled to DNA testing before his right to counsel
attaches. In re Rodriguez, 77 S.W.3d 459, 461 (Tex.App.-Corpus Christi 2002, orig.
proceeding). 

 When a motion is properly pending before a trial court, the act of considering and
ruling upon it is a ministerial act. Eli Lilly and Co. v. Marshall, 829 S.W.2d 157, 158 (Tex.
1992). However, before relator may be entitled to mandamus relief, he must provide a
sufficient record to show the motion was presented to the trial court and it refused to act. 
In re Villarreal, 96 S.W.3d at 710 n.2 (filing something with the district clerk does not
demonstrate that a motion has been brought to the trial court's attention). Relator's petition
is not accompanied by a certified or sworn copy of the motion that is the subject of his
complaint as required by Rule 52.3(j)(1)(A) of the Texas Rules of Appellate Procedure. 
Thus, we conclude he has not satisfied the burden to show entitlement to mandamus relief. 
See Walker, 827 S.W.2d at 837.

 Accordingly, relator's petition for writ of mandamus is denied. 

 Don H. Reavis

 Justice