ACCEPTED
01-15-00310-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/6/2015 5:05:18 PM
CHRISTOPHER PRIN
CLERK

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex.R.App.P. 52.3(a), the Relator presents the following list of all parties and the names and addresses of counsel:

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
4/6/2015 5:05:18 PM
CHRISTOPHER A. PRINE
Clerk

**1. Relator (Defendant in Underlying Action)**

Miguel Angel Yepez

*Represented by:*

Paul B. Kennedy, Attorney at Law, 1415 North Loop West, Suite 102, Houston, Texas 77008

**2. Respondent/Trial Court Judge**

The Honorable Ruben Guerrero, 174th Judicial District Court, Harris County Criminal Justice Center, 1201 Franklin, Houston, Texas 77002

**3. Real Parties in Interest**

**Plaintiff in Underlying Action:**

State of Texas

*Represented by:*

Devon Anderson, Harris County District Attorney, 1201 Franklin, 6th Floor, Houston, Texas 77002

**Defendant in Underlying Action:**

Miguel Angel Yepez

*Represented by:*

Paul B. Kennedy, Attorney at Law, 1415 North Loop West, Suite 102, Houston, Texas 77008

1

## <u>TABLE OF CONTENTS</u>

**Page**

IDENTITY OF PARTIES AND COUNSEL ........................................................... 1

TABLE OF CONTENTS ................................................................................... 2

INDEX OF AUTHORITIES................................................................................ 4

STATEMENT OF THE CASE ........................................................................... 6

STATEMENT OF JURISDICTION.................................................................... 6

ISSUES PRESENTED FOR RELIEF ............................................................... 6

STATEMENT OF FACTS ................................................................................. 7

      1. Procedural History................................................................. 7

      2. Order for AIDS Testing.......................................................... 8

      3. Tex.Code Crim.Proc. Art. 21.31 .................................... 9

ARGUMENTS AND AUTHORITIES ................................................................. 9

      I. STANDARD OF REVIEW ................................................... 9

      II. THE ACT SOUGHT TO BE COMPELLED IS PURELY MINISTERIAL................................................................... 10

      III. RELATOR HAS NO OTHER ADEQUATE REMEDY AT LAW...... 11

      IV. RELATOR HAS A CLEAR AND INDISPUTABLE RIGHT TO RELIEF…................................................................... 11

            A. The statute compelling Relator to submit to an AIDS test violated Relator's rights under the 1st, 4th, 5th and 14th Amendments to the United States Constitution ............... 12

            B. The statute compelling Relator to submit to an AIDS test violated Relator's rights under Art. 1, Sec. 9 of the Texas Constitution................................................................... 14

PRAYER......................................................................................................... 15

SIGNATURE.................................................................................................... 15

VERIFICATION ............................................................................................. 16

APPENDIX ONE: Information filed December 30, 2013........................................

APPENDIX TWO: Indictment filed May 16, 2014 ................................................

APPENDIX THREE: Order for AIDS Testing signed March 5, 2015.......................

# INDEX OF AUTHORITIES

**Page**

## FEDERAL CASES

*Cooper v. California*,
   386 U.S. 58, 62 (1967) ....................................................................................... 14

*Katz v. U.S.*,
   389 U.S. 347, 359 (1967) .................................................................................. 13

*Roe v. Wage,*
   410 US 113, 152 (1973) ..................................................................................... 13

## STATE CASES

*Heitman v. State*,
   815 S.W. 2d 681, 682 (Tex.Crim.App. 1991)...................................................... 14

*Neveu v.Culver,*
   105 S.W. 3d 641, 642 (Tex.Crime.App. 2003)...................................................... 9

*State ex rel. Hill v. Fifth Court of Appeals,*
   34 S.W. 3d 924, 927 (Tex.Crim.App. 2001)......................................................... 9

## FEDERAL CONSTITUTIONS, STATUTES AND CODE

U.S. CONSTITUTION, First Amendment ........................................................................ 11

U.S. CONSTITUTION, Fourth Amendment .................................................................... 11

U.S. CONSTITUTION, Fifth Amendment ...................................................................... 11

U.S. CONSTITUTION, Sixth Amendment ...................................................................... 11

U.S. CONSTITUTION, Fourteenth Amendment ............................................................. 11

## STATE CONSTITUTIONS, STATUTES AND CODE

TEX. CONST. ART. 1, § 9............................................................................................ 7

TEX.CODE CRIM.PRO. ART. 21.31.............................................................................. 6

TEX.CODE CRIM. PRO. ART. 44,02............................................................................. 6

TEX.GOV'T.CODE §22.221 ................................................................... 6

TEX.PEN.CODE § 21.11(a) ................................................................... 10

TEX.PEN.CODE § 22.011 ..................................................................... 10

TEX.PEN.CODE § 22.021 ..................................................................... 10

## STATEMENT OF THE CASE

This mandamus action arises from a case in which Relator, Miguel Angel Yepez, was accused, and later indicted, for the offense of indecency with a child. Following the indictment, the Assistant District Attorney handling the case presented the court with an order requiring Defendant to undergo an AIDS test. The Respondent, the Honorable Ruben Guerrero, 174th Judicial District Court, Harris County, Texas, signed an order that deviated from the provisions of Article 21.31 of the Texas Code of Criminal Procedure without holding a hearing to determine whether the test was justified in the instant case or whether the order was legal.

Relator seeks relief from the trial court's signing of the order.

It is Relator's contention that the statute in question is unconstitutionally broad and, that both as written and as applied, Art. 21.31 violates both his general right to privacy and his right to be free from unreasonable search and seizure. It is also Relator's contention that the order itself was unlawful and illegal as it failed to track the language of the statute in question.

## STATEMENT OF JURISDICTION

This Court has jurisdiction to grant Relator's Petition for Writ of Mandamus pursuant to Texas Government Code §22.221. Relator does not have an adequate remedy at law because he has no right to an interlocutory appeal. TEX.CODE CRIM.PRO. ART. 44.02.

## ISSUES PRESENTED FOR RELIEF

Is a trial court entitled to order a Defendant indicted for indecency with a child to undergo an AIDS test, pursuant to Article 21.31 of the Texas Code of Criminal Procedure, without conducting a hearing to determine whether such a test is warranted?

6

Is it a violation of a Defendant's First, Fourth, Fifth and Fourteenth Amendment s rights for a trial court to order a Defendant indicted for indecency with a child to undergo an AIDS test, pursuant to Article 21.31 of the Texas Code of Criminal Procedure, without a finding of probable cause that the alleged conduct was capable of transmitting the AIDS virus?

Is it a violation of a Defendant's rights under Article 1, Section 9 of the Texas Constitution to protection from unreasonable search and seizure for a trial court to order a Defendant indicted for indecency with a child to undergo an AIDS test, pursuant to Article 21.31 of the Texas Code of Criminal Procedure, without a finding of probable cause that alleged conduct was capable of transmitting the AIDS virus?

Is the order in question an unlawful or illegal order because it fails to track the language of Article 21.31 of the Texas Code of Criminal Procedure?

## STATEMENT OF FACTS

### 1. Procedural History

On December 30, 2013, Relator, Miguel Angel Yepez, was charged by information with the offense of indecency with a child (see Appendix One). The information alleged that Relator unlawfully engaged in sexual contact with the complaining witness by touching the complaining witness' genitals. Attached to the information was an Affidavit of Probable Cause that stated the alleged contact was *over* the clothing of the complaining witness.

On May 16, 2014, Relator was indicted by a Harris County Grand Jury for the offense of indecency with a child (See Appendix Two). The indictment alleged that

Relator unlawfully engaged in sexual contact with the complaining witness by touching the complaining witness' genitals.

On March 5, 2015, the Harris County Assistant District Attorney handling the case presented the trial court with an order for AIDS testing that was drafted by the District Attorney's Office. Upon presentment of the proposed order, without the benefit of a hearing on the record, Respondent, the Honorable Ruben Guerrero, granted the proposed order (See Appendix Three).

Relator then filed this Petition for Writ of Mandamus.

## 2. Order for AIDS Testing

The order signed by the trial court states that the court found, on its own motion, that the best interests of both justice and the Relator would be served by forcing Relator to undergo an unnecessary medical procedure.

Relator was denied a hearing on the matter to determine whether the testing permitted under TEX.CODE CRIM.PROC. ART. 21.31 was appropriate in a matter in which there were no allegations that any contact took place between Relator and the complaining witness by which the AIDS virus, or any other sexually transmitted disease, could be transferred. Relator was denied a hearing on the matter to determine whether the proposed order, drafted by the attorney for the state, was even legal.

To date there has been no probable cause finding by the trial court that any contact capable of transmitting the AIDS virus, or any other sexually transmitted disease, ever occurred in the instant case.

8

### 3. TEX.CODE CRIM.PROC. ART. 21.31

Article 21.31 of the Texas Code of Criminal Procedure states that a person indicted for the offense of indecency with a child "shall, at the direction of the court on the court's own motion,…undergo a standard diagnostic test approved by the United States Food and Drug Administration for human immunodeficiency virus and other sexually transmitted diseases."

Article 21.31 contains neither a provision for a hearing to determine whether granting the requested test is appropriate given the facts of a particular case or for a defendant's right to appeal such an order.

Article 21.31 also specifies that the order must be derived from the trial court's own motion – not a proposed order drafted and filed by the attorney for the State.

### ARGUMENTS AND AUTHORITIES

### I.    STANDARD OF REVIEW

Mandamus is appropriate if the relator can demonstrate that (1) the act sought to be compelled is purely ministerial, and (2) he has no other adequate legal remedy. *Neveu v. Culver*, 105 SW3d 641,642 (Tex.Crim.App. 2003).

An act is considered ministerial if it does not involve the exercise of discretion. *State ex rel. Hill v. Fifth Court of Appeals*, 34 SW3d 924,927 (Tex.Crime.App. 2001). In *Hill*, the Court held that the consideration of "a motion properly filed and before the court is ministerial." *Hill* at 927.

The granting of a writ of mandamus is appropriate if the relator can demonstration that (1) he has not other adequate legal remedy, and (2) he has a clear and indisputable right to the relief sought. *Id.*

In the instant case, Respondent's consideration of the state's motion for AIDS testing was purely ministerial, Relator has a clear right to the relief sought based upon the motion and evidence before the trial court and Relator has no right to appeal the trial court's ruling as ti was neither evidentiary nor procedural in nature.

## II.     THE ACT SOUGHT TO BE COMPELLED IS PURELY MINISTERIAL

On March 5, 2015, the attorney for the state presented an order, prepared by the Harris County District Attorney's Office, for AIDS testing to Respondent. Without a hearing on the merits of the state's request, Respondent signed the order compelling Relator to undergo an AIDS test on or before April 9, 2015.

The proposed order was presented to Respondent under the guise of Article 21.31 of the Texas Code of Criminal Procedure.

The purpose of TEX.CODE CRIM.PROC. ART. 21.31 is to determine whether the alleged victims of a sexual offense under Articles 21.11(a), 22.021 or 22.011 of the Texas Penal Code may have been exposed to the AIDS virus, or another sexually transmitted disease. The article in question was enacted in response to trial courts' orders compelling defendants to submit to AIDS testing being overturned by the Courts of Appeal for various deficiencies in the orders.

In the instant case there is no allegation that any contact occurred between Relator and the complaining witness that could have exposed the complaining witness to the AIDS virus, or any other sexually transmitted disease. As Respondent made his decision without the benefit of an evidentiary hearing, the only evidence before the court is the Affidavit of Probable Cause attached to the original information. The aforementioned Affidavit of Probable Cause states that Relator allegedly touched the

10

complaining witness' genitals *over* her clothing. There were no allegations in the Affidavit of Probable Cause that Relator either penetrated the genitals of the complaining witness or made any other skin-to-skin contact.

Despite his knowledge of the allegations, and his admission that any alleged contact was over the clothing of the complaining witness, the Assistant District Attorney presented a proposed order to the trial court asking the trial court to compel Relator to submit to a medical procedure to determine if he carried either the AIDS virus or any other sexually transmitted disease.

Art. 21.31 does not contain any provision requiring a hearing to determine if the requested testing is appropriate in any given case. The issuance of such an order is, therefore ministerial, as it does not allow for discretion on the part of the court.

The absence of such a hearing in the instant case violated Relator's Sixth Amendment right to confront the witnesses and evidence against him as well as Relator's right to privacy under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution. The failure of the statute to provide for such a hearing violated Relator's rights under Art. 1, Sec. 9 of the Texas Constitution as well.

### III.    RELATOR HAS NO OTHER ADEQUATE REMEDY AT LAW

As the order signed by Respondent is not an appealable order, Relator has no right to interlocutory appeal and, therefore, no adequate remedy at law.

### IV.    RELATOR HAS A CLEAR AND INDISPUTABLE RIGHT TO RELIEF

Relator was indicted for the offense of indecency with a child. Included in the definition of sexual contact is "any touching by a person, including *touching through*

*clothing*…of any part of the genitals of a child…" Tex.Pen.Code § 21.11(c)(1) (emphasis added).

In its call for AIDS testing, Art. 21.31 does not distinguish between skin-to-skin contact and contact through the clothing. As the affidavit of probable cause attached to the indictment in the instant case states that the alleged contact was through the clothing of the complaining witness, the requirement that all persons indicted under the prescribed sections of the Texas Penal Code is overbroad and subjects some of those accused to invasions of their privacy and to unreasonable search and seizure.

Relator has a well-established right to privacy in his body under the First Fourth, Fifth and Fourteenth Amendments to the United States Constitution and under Art. 1, Sec. 9 of the Texas Constitution. Absent a showing that the state has a compelling interest in violating Relator's right to privacy, the provisions Art. 21.31 represent an unreasonable and unconstitutional intrusion into Relator's body.

Additionally, Art. 21.31 states that the standard diagnostic test be approved by the United States Food and Drug Administration. The order, as drafted and submitted by the attorney for the state, contains no such provision regarding the type of test or what agency is to have approved said test. Therefore the order signed by Respondent fails to track the language of the statute in question and is, itself, illegal and unlawful.

### A. The statute compelling Relator to submit to an AIDS test violated Relator's rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution

The Fourth Amendment of the United States Constitution protects the people from unreasonable search and seizure. The United States Supreme Court has held that

a warrantless search is unreasonable unless it falls into one of several exceptions that the Court has carved out over time. *Katz v. U.S.*, 389 U.S. 347, 359 (1967).

A general right to privacy is to be inferred from the First, Fourth, Fifth and Fourteenth Amendments as well as "prenumbras of the Bill of Rights." *Roe v. Wade*, 410 US 113, 152 (1973).

In order to intrude upon a person's protection against unreasonable search and seizure, the party seeking the warrant must show the magistrate that there is probable cause to believe that a crime occurred and that the item or items they seek are evidence of the alleged crime. *Id.* at 357.

In the instant case the order compelling Relator to undergo an AIDS test is tantamount to a search warrant. Therefore, the order must be supported by a finding of probable cause that a crime occurred that could lead to the complaining witness' exposure to the AIDS virus or any other sexually transmitted disease.

As the trial court was not required by statute to conduct a hearing to determine whether the necessary quantum of evidence existed, Relator's right to privacy and, in particular, his right to be free of unreasonable search and seizure, was violated without cause. As no hearing was conducted that would require the state to produce any evidence that the alleged contact could have exposed the complaining witness to the AIDS virus, or any other sexually transmitted disease, we must rely on the Affidavit of Probable Cause attached to the information filed on December 30, 2013 that makes no such allegation.

Absent such evidence, the order compelling Relator to submit to an AIDS test violated Relator's privacy rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

**B. The statute compelling Relator to submit to an AIDS test violated Relator's rights under Art. 1, § 9 of the Texas Constitution**

Article 1, § 9 of the Texas Constitution outlines the protections that the people in the State of Texas have against unreasonable search and seizure at the hands of the State.

The Fourth Amendment to the United States Constitution lays out the minimum protections afforded to the people against unreasonable search and seizure. The states are free to guarantee the people greater protection than that under the Bill of Rights in their own constitutions and statutes. *Cooper v. California*, 386 U.S. 58, 62 (1967).

Article 1, § 9 provides the people the same protection as does the Fourth Amendment. *Heitman v. State*, 815 S.W.2d 681, 682 (Tex.Crim.App. 1991). Therefore, the people in Texas are protected against warrantless searches by the State. Furthermore, a search warrant in Texas may only be issued upon a showing of probable cause supported by an oath or affirmation from the party seeking the warrant.

If we analogize the order compelling Relator to submit to a medical procedure to a search warrant, the order may only be granted upon a showing of probable cause supported by oath or affirmation.

The only statement supported by oath or affirmation is the Affidavit of Probable Cause attached to the information filed on December 30, 2013 in the instant case. That affidavit alleges the contact between Relator and the complaining witness was over the

14

clothing of the complaining witness. There are no sworn allegations that there was any skin-to-skin contact between Relator and the complaining witness' genitals.

As such, there has been no evidence presented to the trial court to indicate that the complaining witness in the instant case could have been exposed to the AIDS virus or any other sexually transmitted disease. Absent such evidence, the signing of the order in question, pursuant to Art. 21.31, by Respondent violated Relator's protections under Article 1, Section 9 of the Texas Constitution.

## **PRAYER**

Relator, Miguel Angel Yepez, prays that this Court issue temporary relief by staying the trial court's order compelling Relator to submit to an AIDS test. Relator further prays that this Court grant the petition for mandamus and direct the Honorable Ruben Guerrero to withdraw the order in question. Finally, Relator prays that the Court grant such other and further relief to which he may be justly entitled.

Dated: April 6, 2015

Respectfully submitted,

*Paul B. Kennedy*
Paul B. Kennedy
Attorney at Law
SBOT: 24050866
1415 North Loop West, Suite 102
Houston, Texas 77008
Tel: (713) 864-9727
Fax (866) 587-2584
E-mail: pkennedy@kennedy-law.biz

ATTORNEY FOR RELATOR,
MIGUEL ANGEL YEPEZ

15