**Reginald Keith GRAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–02–021–CR.**

Court of Appeals of Texas,
Waco.

March 20, 2002.

Reginald Keith Gray, pro se, Tennessee Colony, for appellant.

John W. Segrest, McLennan County District Attorney, Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

### ABATEMENT ORDER

PER CURIAM.

Reginald Keith Gray filed a *pro se* motion for forensic DNA testing under the provisions of newly-enacted chapter 64 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 64.01–.05 (Vernon Supp.2002). The court denied his request, and Gray appealed. Gray claims he is indigent. Because we determine that an indigent person who seeks forensic DNA testing under chapter 64 is entitled to appointed counsel on appeal, we will abate this appeal to the trial court to determine whether Gray is indigent.

To determine whether Gray is potentially entitled to appointment of counsel to assist him in the appeal, we examine Chapter 64 of the Code of Criminal Procedure, which sets forth the procedures to be followed when a convicted person seeks forensic DNA testing. *Id.* Article 64.01(c) requires a trial court to appoint counsel to represent an indigent defendant "during a

proceeding under this chapter." *Id.* art. 64.01(c). Article 64.01(c) reads:

(c) A convicted person is entitled to counsel during a proceeding under this chapter. If a convicted person informs the convicting court that the person wishes to submit a motion under this chapter and if the court determines that the person is indigent, the court shall appoint counsel for the person. Compensation of counsel is provided in the same manner as is required by:

(1) Article 11.071 for the representation of a petitioner convicted of a capital felony; and

(2) Chapter 26 for the representation in a habeas corpus hearing of an indigent defendant convicted of a felony other than a capital felony.

*Id.*

■ A chapter 64 "proceeding" has three phases: (1) an initial inquiry in the trial court regarding whether forensic DNA testing should be conducted; (2) if testing has been ordered, a subsequent hearing in the trial court to determine whether the test results are favorable to the convicted person; and (3) an appeal of either of these determinations. *Id.* arts. 64.03–.05. Article 64.01(c) does not differentiate between these three phases.

Rather than "notify" the court that he wanted to submit a motion, Gray (who is in prison) filed a pro se motion for testing. On October 18, 2001, he filed a letter inquiring about the status of his motion, in which he stated: "I am indigent therefore I am unable to afford representation." On November 6, the District Attorney filed a motion to dismiss and deny Gray's motion, pointing out deficiencies in his motion and addressing the merits of his claim. The next day, the court both dismissed and denied the motion.[1]

■ The record does not reflect that the court ever considered Gray's indigency status or the appointment of counsel. Nevertheless, appointment of counsel is mandatory if the convicted person proves he is indigent and expresses a desire to file a motion for DNA testing. *Id.* art. 64.01(c).

■ The procedure for post-conviction DNA testing was authorized by the Legislature in the pursuit of justice. Because article 64.01(c) does not differentiate between the trial and appellate phases, we hold that an indigent person has a statutory right to counsel to assist with an appeal under Chapter 64.[2]

■ With his notice of appeal, Gray filed an affidavit stating that he is indigent. Gray may be entitled to the appointment of counsel to assist him in this appeal. However, we are not equipped to make a determination about his status as an indigent person, nor authorized to appoint counsel if he is entitled thereto. Therefore, we abate this appeal to the trial court to determine whether Gray is indigent. The court shall: (1) conduct a hearing on the question of his status as an indigent person, to be held within twenty-one days after the date of this order; (2) if the court determines that he is indigent, appoint counsel to represent him in this appeal; (3) make and file appropriate findings of

---

1. The order states: "[T]he motion ·is DISMISSED. In the alternative, scientific testing under Tex.Code Crim. Proc. Ann. Art. 64.03 (Vernon 2001), is NOT ORDERED."

2. An appellant does not, however, have a federal or state constitutional right to counsel

when pursuing a collateral attack on a conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539, 545–46 (1987); *Ex parte Mines*, 26 S.W.3d 910, 912–13 (Tex.Crim.App.2000).

fact and conclusions of law and cause them to be included in a supplemental clerk's record; (4) cause the record made at the hearing, if any, to be transcribed and included in a supplemental reporter's record; and (5) cause these supplemental records to be filed with the Clerk of this Court within seven days after the date of the hearing.