NO. 07-02-0310-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 30, 2002

_____

ANTONIO MINDIETA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 97-423925; HONORABLE JIM B. DARNELL, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Appellant Antonio Mindieta has appealed from an Order Denying Motion for DNA Testing. He has filed a motion in this court seeking appointment of counsel for appellate purposes. We abate and remand.

On June 19, 2002, the Judge of the 140th District Court of Lubbock County entered an order in cause number 97-423925 denying a motion by which appellant sought DNA

testing and appointment of counsel to represent him in the proceeding. Appellant timely filed notice of appeal.

By motion filed with this court appellant seeks appointment of counsel to assist in his appeal. Concurrently with his motion for appointment of counsel on appeal, appellant filed an affidavit claiming indigence.

The clerk's record has not been filed. The district clerk has filed a request for extension of time for filing of the record because appellant has not paid for or made arrangements to pay for the record.

Chapter 64 of the Code of Criminal Procedure sets out procedures for convicted persons to move for court-ordered forensic DNA testing. See TEX. CRIM. PROC. CODE ANN. arts. 64.01-64.05 (Vernon Supp. 2002). Article 64.01(c) provides that a convicted person is entitled to counsel during a proceeding under Chapter 64. Article 64.01(c) has been interpreted as providing indigent persons the statutory right to counsel in an appeal under Chapter 64. See Gray v. State, 69 S.W.3d 835, 837 (Tex.App.--Waco 2002, no pet. h.).

In a proceeding under Chapter 64, the convicting court is to determine whether the convicted person is indigent. See art. 64.01(c). If the person is determined to be indigent, the convicting court is to appoint counsel. Id.

Accordingly, we abate the appeal and remand the case to the trial court. Upon remand, the trial court is directed to (1) immediately cause notice to be given of and to

conduct a hearing to determine whether appellant is indigent; (2) appoint counsel to represent appellant on appeal if appellant is determined to be indigent; (3) determine whether appellant is entitled to have the clerk's record furnished without charge; (4) make appropriate orders to assure that the clerk's record will be promptly filed if appellant is determined to be entitled to have the clerk's record furnished without charge; (5) make and file appropriate findings of fact and conclusions of law and cause them to be included in a clerk's record; (6) cause the hearing proceedings to be transcribed and included in a reporter's record; and (7) have a record of the proceedings made and forwarded to the clerk of this court to the extent any of the proceedings are not included in the clerk's record or the reporter's record. In the absence of a request for extension of time from the trial court, the clerk's record on remand, reporter's record of the hearing and proceedings pursuant to this order, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than September 30, 2002.

Per Curiam

Publish.

3