Cosme MENDEZ, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 10–04–00206–CR.**

Court of Appeals of Texas, Waco.

Dec. 8, 2004.

From the 54th District Court, McLennan County, Texas, Trial Court # 1999–851–C, George H. Allen, Judge.

Cosme Mendez, Dalhart, pro se.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Appeal abated.

TOM GRAY, Chief Justice, dissenting to abatement order.

Without discussion, the Court rejects the trial court's determination, implied by the trial court's denial of the DNA motion, that the court did not find reasonable grounds for the motion to be filed. *See* TEX.CODE CRIM. PROC. ANN. art. 64.01(c) (Vernon Pamp.2004–2005). The majority's reliance on *Gray* is misplaced. *Gray v. State,* 69 S.W.3d 835 (Tex.App.-Waco 2002, order). *Gray* was decided under the original version of article 64.01(c). The original version of the statute required appointment of counsel if 1) the convicted person informs the court that the person wants to file a motion; and 2) the court determines the person is indigent. Act of 2001, 77th Leg., ch. 2, § 2, 2001 Tex. Gen. Laws 2, *amended by* Act of 2003, 78th Leg., ch. 13, § 1, 2003 Tex. Gen. Laws 16.

In apparent response to the flood of requests and related expense for appointed counsel having to pursue baseless, frivolous, groundless motions, the legislature amended the statute. The amendment added a new criterion to be met before the trial court was required to appoint counsel: that "the court finds reasonable grounds for a motion to be filed." TEX.CODE CRIM. PROC. ANN. art. 64.01(c) (Vernon Pamp. 2004–2005). No longer is the trial court required to appoint counsel just because a defendant has requested DNA testing and has shown that he or she is indigent. The defendant must now provide the trial court sufficient information from which the trial court can make the finding, required by the statute, that "reasonable grounds for a motion to be filed" exist.

The trial court did not appoint counsel in response to Mendez's request. If the request does not affirmatively show a reasonable ground for making a motion, there is no reason to abate this appeal. A review of the request for DNA testing not only does not show a reasonable ground for making the motion, it also affirmatively negates that any such ground exists.

Mendez wants blood on a knife, alleged by the State to have been used in the aggravated assault for which Mendez was found guilty, to be tested for a determination that it was not the victim's blood; ergo, it was not the knife used in the assault. And as Mendez's argument goes, no knife, no aggravated assault, and no deadly weapon finding; thus, Mendez gets much less prison time.

The problem with Mendez's request is, at least, threefold. First, identity must

have been an issue for a request for DNA testing to be meritorious. TEX.CODE CRIM. PROC. ANN. art. 64.03(a)(1)(B) (Vernon Pamp.2004–2005). The issue presented by Mendez is not that his participation in the assault was an issue, but whether the assault was an aggravated assault due to the use of a deadly weapon. The identity of the assailant, Mendez, was not an issue. Mendez attacks the complainant's inability to identify the knife. That is not the issue of identity that will entitle a defendant to a DNA test. *Id.*

Second, the request established that the knife, on which the blood is alleged to be present, was presented as evidence in the trial. The request does not indicate why Mendez did not have, or attempt to have, the knife tested during his original trial. For a motion for DNA testing to have merit, the defendant must show that the biological material was not previously subjected to DNA testing "through no fault of the [defendant], for reasons that are of a nature such that the interests of justice require DNA testing." TEX.CODE CRIM. PROC. ANN. art. 64.01(b)(1)(B) (Vernon Pamp.2004–2005).

Mendez's request affirmatively states that he was aware of the knife used as evidence by the State, knew it had blood on it, and knew that it was never tested for anything. Thus Mendez's request shows a reasonable ground does not exist because no reason is given for the failure to conduct his own DNA test at the time of trial.

Third, and this may be the most important of the three, even if the DNA test established that the blood on the knife was not the victim's, it would not establish what Mendez asserts that it would. Mendez states: "The movant expects the DNA test to prove that no weapon was ever involved in the case." This is really the crux of the entire request for DNA testing.

But the DNA test will never be able to prove what Mendez wants it to prove. At most, it could show that the victim was not the source of the biological material alleged to be on the knife. This does not mean that it was not the knife used, or that no knife was used, or that no offense occurred. While it could possibly raise an issue regarding what weapon was used in the assault, in this case, a negative DNA test result would never be able to establish that Mendez "would not have been convicted if exculpatory results had been obtained through DNA testing." TEX.CODE CRIM. PROC. ANN. art. 64.03(a)(2)(A)(Vernon Pamp.2004–2005).

Any of these three reasons would support a determination that the trial court did not find "reasonable grounds for a motion to be filed." TEX.CODE CRIM. PROC. ANN. art. 64.01(c) (Vernon Pamp.2004–2005).

By its entire failure to address a need for the trial court to make a preliminary review of the grounds for making a motion, the Court has judicially removed the very language the legislature added to avoid the result this case is headed toward—taxpayer dollars spent for appointed counsel to evaluate a frivolous request for DNA testing.

As to the appointment of an attorney on appeal, I would apply the same analysis of the amended statute as we applied to the original statute in *Gray* and hold that a person requesting DNA testing is only entitled to an attorney on appeal if the person meets the three requirements discussed above for the appointment of an attorney in the trial court. Having determined that Mendez has failed to make that showing, I would also hold that he is not entitled to appointed counsel on appeal.

I would affirm the trial court's denial of the request for DNA testing. Because the Court abates the appeal for a determina-

tion of whether the appointment of trial or appellate counsel is required, I respectfully dissent.