NO. 07-05-0151-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 8, 2005



______________________________




JOE EDWIN PASKIE, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 263RD DISTRICT COURT OF HARRIS COUNTY;



NO. 998894; HON. JIM WALLACE, PRESIDING



_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Appellant Joe Edwin Paskie appeals from his conviction of aggravated robbery after 
a plea of guilty pursuant to a plea bargain. The certification of appeal executed by the trial
court does not disclose that he has the right of appeal; rather it states that he has no right
of appeal. By letter dated April 18, 2005, this court notified appellant of this circumstance
and that the appeal was subject to dismissal. The court also requested that he either
supply us with an amended certification illustrating that he has a right to appeal or inform
us why we should continue the appeal, by May 18, 2005. By letter filed May 11, 2005,
appellant requested an extension of time to comply with the court's request. An extension
was granted by this court until May 27, 2005. That deadline has elapsed and we have
received neither a response nor amended certification. Thus, we dismiss the appeal. See
Tex. R. App. P. 25.2(d) (requiring that the appeal be dismissed if a certification that shows
that the defendant has a right of appeal has not been made part of the record).

 Accordingly, the appeal is dismissed.


 James T. Campbell 

 Justice


Do not publish. 



">IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 21, 2009
______________________________

SHANNON LEE ABEYTA,

                                                                                                 Appellant

v.

THE STATE OF TEXAS,

                                                                                                 Appellee
_________________________________

FROM THE 251st DISTRICT COURT OF POTTER COUNTY;

NOS. 41,915-C and 43,143-C; HON. PATRICK A. PIRTLE, PRESIDING
_______________________________

Abatement and Remand
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
           Shannon Lee Abeyta (appellant), acting pro se, perfected an appeal from the trial
court’s denial of her motion for DNA testing. In perfecting the appeal, she also requested
that counsel be appointed to represent her. None was appointed. Yet, at the time
appellant moved for testing, she was entitled to appointed counsel upon proof of indigency. 
See Spruce v. State, 06-05-00077-CR, 2005 Tex. App. Lexis 6548 (Tex. App.–Texarkana
August 17, 2005) (explaining the status of the law); Gray v. State, 69 S.W.3d 835, 837
(Tex. App.–Waco 2002, no pet.) (requiring appointment).


 Consequently, we abate the
appeals and remand the causes to the 251st District Court of Potter County (trial court) for
further proceedings. Upon remand, the trial court shall immediately cause notice of a
hearing to be given and, thereafter, conduct a hearing to determine the following:
          1.       whether appellant desires to prosecute the appeals; and
           
          2.      whether appellant is indigent.

          We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue her appeals, is indigent, and has no counsel, then we further direct it to appoint
counsel to assist in the prosecution of the appeals. The name, address, phone number,
telefax number, and state bar number of the new counsel, if any, who will represent
appellant on appeal must also be included in the court’s findings of fact and conclusions
of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental
clerk’s record containing the findings of fact and conclusions of law and 2) a reporter’s
record transcribing the evidence and argument presented at the aforementioned hearing. 
Additionally, the trial court shall cause the supplemental clerk’s records to be filed with the
clerk of this court on or before June 22, 2009. Should additional time be needed to
perform these tasks, the trial court may request same on or before June 22, 2009.
          It is so ordered.
                                                                           Per Curiam
Do not publish.