NO. 07-06-0211-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 5, 2006
_____

ERSKINE L.T. ALLEN, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 22, 580; HON. CECIL PURYEAR, PRESIDING
_____

*Abatement and Remand*
_____

Before QUINN, C.J., and, REAVIS and CAMPBELL, JJ.

Erskine L.T. Allen, Jr. (appellant), acting *pro se*, perfected an appeal from the trial court's denial of his motion for DNA testing. In perfecting the appeal, he also requested that counsel be appointed to represent him. None was appointed. Yet, at the time appellant moved for testing, he was entitled to appointed counsel upon proof of indigency. *See Spruce v. State*, 06-05-00077-CR, 2005 Tex. App. LEXIS 6548 (Tex. App.–Texarkana August 17, 2005) (explaining the status of the law); *Gray v. State*, 69 S.W.3d 835, 837

(Tex. App.--Waco 2002, no pet.) (requiring appointment).[1]  Consequently, we abate the appeal and remand the cause to the 137th District Court of Lubbock County (trial court) for further proceedings.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.      whether appellant desires to prosecute the appeal; and

2.      whether appellant is indigent.

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects.  Should the trial court find that appellant desires to pursue his appeal, is indigent, and has no counsel, then we further direct it to appoint counsel to assist in the prosecution of the appeal.  The name, address, phone number, telefax number, and state bar number of the new counsel, if any, who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law.  Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing.  Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before October 2, 2006.  Should additional time be needed to perform these tasks, the trial court may request same on or before October 2, 2006.

It is so ordered.

Per Curiam

Do not publish.

---

[1]Since then, the law has changed and one requesting appointed counsel must clear other hurdles. Those hurdles are explained in art. 64.01(c) of the Texas Code of Criminal Procedure and *Spruce v. State*, 06-05-00077-CR, 2005 Tex. App. LEXIS 6548 (Tex. App.–Texarkana August 17, 2005).