NO. 07-06-0211-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 5, 2006

______________________________

ERSKINE L.T. ALLEN, JR., 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 137
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO.  22, 580; HON. CECIL PURYEAR, PRESIDING

_______________________________

Abatement and Remand

_______________________________

Before QUINN, C.J., and, REAVIS and CAMPBELL, JJ.

Erskine L.T. Allen, Jr. (appellant), acting 
pro se
, perfected an appeal from the trial court’s denial of his motion for DNA testing.  In perfecting the appeal, he also requested that counsel be appointed to represent him.  None was appointed.  
Yet, at the time appellant moved for testing, he was entitled to appointed counsel upon proof of indigency.  
See Spruce v. State
, 06-05-00077-CR, 2005 Tex. App. 
Lexis
 6548 (Tex. App.–Texarkana August 17, 2005) (explaining the status of the law); 
Gray v. State
, 69 S.W.3d 835, 837 (Tex. App.--Waco 2002, no pet.) (requiring appointment).
(footnote: 1)  
Consequently, we abate the appeal and remand the cause to the 137th District Court of Lubbock County (trial court) for further proceedings.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

whether appellant desires to prosecute the appeal; and

 

2.   whether appellant is indigent.

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects.  Should the trial court find that appellant desires to pursue his appeal, is indigent, and has no counsel, then we further direct it to appoint counsel to assist in the prosecution of the appeal.  The name, address, phone number, telefax number, and state bar number of the new counsel, if any, who will represent appellant on appeal must also be included in the court’s findings of fact and conclusions of law.  Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk’s record containing the findings of fact and conclusions of law and 2) a reporter’s record transcribing the evidence and argument presented at the aforementioned hearing.  Additionally, the trial court shall cause the supplemental clerk’s record to be filed with the clerk of this court on or before October 2, 2006.  Should additional time be needed to perform these tasks, the trial court may request same on or before October 2, 2006.

It is so ordered.

Per Curiam

Do not publish.
  

FOOTNOTES
1:
Since then, the law has changed and one requesting appointed counsel must clear other hurdles.  Those hurdles are explained in art. 64.01(c) of the Texas Code of Criminal Procedure and 
Spruce v. State
, 06-05-00077-CR, 2005 Tex. App. 
Lexis
 6548 (Tex. App.–Texarkana August 17, 2005).