NO. 07-06-0414-CR

NO. 07-06-0415-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 16, 2006

_____

JOHANSON LEE WATSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NOS. 9479 & 9480; HONORABLE TOM NEELY, JUDGE[1]

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Proceeding pro se, Appellant Johanson Lee Watson perfected this appeal from the trial court's orders denying his motion for forensic DNA testing . Through correspondence

_____

[1]Sitting by assignment.

with the Clerk of this Court, Appellant has expressed an intent to pursue this appeal. Although he was represented by appointed counsel for purposes of the hearing on his motion for forensic DNA testing, inquiry by the Clerk of this Court revealed counsel has not been appointed to prosecute Appellant's appeal.

Article 64.01(c) of the Texas Code of Criminal Procedure provides that a convicted person is entitled to appointed counsel under certain circumstances during a proceeding filed pursuant to chapter 64. Article 64.05 provides that an appeal under chapter 64 is to a court of appeals except in a capital case where a death sentence is imposed, which is directly appealed to the Texas Court of Criminal Appeals. Article 64.01(c), which provides for appointed counsel, does not differentiate between the trial and appellate stages. Consequently, an indigent convicted person is entitled to appointed counsel to prosecute an appeal under chapter 64. *See Gray v. State*, 69 S.W.3d 835, 837 (Tex.App.–Waco 2002, no pet.). This Court, however, is not authorized to appoint counsel. *See* Tex. Code Crim. Proc. Ann. art. 26.04 (Vernon Supp. 2006). Therefore, we now abate this appeal and remand the cause to the trial court for further proceedings.

Upon remand, the trial court shall utilize whatever means necessary to determine Appellant's indigence status. Should the trial court determine that Appellant is indigent, the trial court shall appoint counsel to represent Appellant in this appeal. If counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in an order appointing counsel. The order appointing counsel, if any,

must then be included in the clerk's record and filed with the Clerk of this Court on or before December 15, 2006.

It is so ordered.

Per Curiam

Do not publish.