NO. 07-07-0313-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 6, 2007


______________________________



IN THE INTEREST OF N.L.H., 


 A Child 

_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B34203-0508; HON. ED SELF, PRESIDING


_______________________________



Order on Motion to Dismiss


_______________________________



Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 This appeal involves a final order terminating the parent-child relationship between
Amber Daugherty and her offspring. Pending before the court is a motion to dismiss the
appeal. It was filed by the Texas Department of Family and Protective Services (the State)
and seeks dismissal because Daugherty allegedly failed to tender a statement of points
she intended to raise on appeal as mandated by §263.405(i) of the Texas Family Code. 
We deny the motion.

 Section 263.405(i) states that an appellate court may not consider any issue that
was not specifically presented to the trial court in a timely filed statement of the points on
which the party intends to appeal or in a statement combined with a motion for new trial. 
 See In re R.C., No. 07-06-0444-CV, 2007 Tex. App. Lexis 3208 (Tex. App.-Amarillo, April
25, 2007, no pet.) (stating that unless the particular issues are included within such a
statement, they are not preserved for review). As can be seen, disclosure of the issues
can be via either allegations contained in an independent document or via allegations
incorporated into a motion for new trial. And, while the statute refers to a "statement of
points" we must be cautious against reading the provision too narrowly. Indeed, authority
impedes our ability to dismiss appeals simply for harmless procedural defects. Verburgt
v. Dorner, 969 S.W.2d 615, 616-17 (Tex. 1997). Instead, we are to liberally, yet
reasonably, construe procedural rules "so that the right to appeal is not lost by imposing
requirements not absolutely necessary to effect the purpose of the rule." Id. This would
seem an appropriate admonishment to heed here given the gravity of the interests involved
(i.e. the termination of the constitutionally protected relationship between parent and child)
and the presumption that the legislature intended the statute to be just and reasonable. 
Tex. Gov't Code Ann. §311.021(3) (Vernon 2005). 

 Additionally, the record before us reveals that Daugherty moved for a new trial after
issuance of the termination order. In it she alleged, among other things, that the new trial
was warranted because the "involuntary termination statute was not strictly construed in
favor of the parent" as supposedly required. Because it was not, she continued, she
suffered harm under Texas Rule of Appellate Procedure 44.1(a)(1). We acknowledge that
those allegations were not listed under a heading titled "statement of points on appeal." 
Yet, it cannot be forgotten that the substance of a pleading or writing controls over the title
or label appended to it. Rush v. Barrios, 56 S.W.3d 88, 93 (Tex. App.-Houston [14th Dist.]
2001, pet. denied). Moreover, the allegations were in a motion for new trial, which is one
of the ways in which an appellant could comply with §263.405(i). And, they also informed
the trial court of what Daugherty perceived to be the specific error which demanded
redress. Consequently, we cannot say that she failed to either abide by the intent or letter
of §263.405(i) or preserve at least one issue for review.

 The motion to dismiss is denied.

 

 Brian Quinn

 Chief Justice

 
























 



="text-align: center">NOS. 41,915-C and 43,143-C; HON. PATRICK A. PIRTLE, PRESIDING
_______________________________

Abatement and Remand
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
           Shannon Lee Abeyta (appellant), acting pro se, perfected an appeal from the trial
court’s denial of her motion for DNA testing. In perfecting the appeal, she also requested
that counsel be appointed to represent her. None was appointed. Yet, at the time
appellant moved for testing, she was entitled to appointed counsel upon proof of indigency. 
See Spruce v. State, 06-05-00077-CR, 2005 Tex. App. Lexis 6548 (Tex. App.–Texarkana
August 17, 2005) (explaining the status of the law); Gray v. State, 69 S.W.3d 835, 837
(Tex. App.–Waco 2002, no pet.) (requiring appointment).


 Consequently, we abate the
appeals and remand the causes to the 251st District Court of Potter County (trial court) for
further proceedings. Upon remand, the trial court shall immediately cause notice of a
hearing to be given and, thereafter, conduct a hearing to determine the following:
          1.       whether appellant desires to prosecute the appeals; and
           
          2.      whether appellant is indigent.

          We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue her appeals, is indigent, and has no counsel, then we further direct it to appoint
counsel to assist in the prosecution of the appeals. The name, address, phone number,
telefax number, and state bar number of the new counsel, if any, who will represent
appellant on appeal must also be included in the court’s findings of fact and conclusions
of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental
clerk’s record containing the findings of fact and conclusions of law and 2) a reporter’s
record transcribing the evidence and argument presented at the aforementioned hearing. 
Additionally, the trial court shall cause the supplemental clerk’s records to be filed with the
clerk of this court on or before June 22, 2009. Should additional time be needed to
perform these tasks, the trial court may request same on or before June 22, 2009.
          It is so ordered.
                                                                           Per Curiam
Do not publish.