NO. 07-09-0121-CR
NO. 07-09-0122-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 21, 2009
_____

SHANNON LEE ABEYTA,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 251st DISTRICT COURT OF POTTER COUNTY;

NOS. 41,915-C and 43,143-C; HON. PATRICK A. PIRTLE, PRESIDING
_____

*Abatement and Remand*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Shannon Lee Abeyta (appellant), acting *pro se*, perfected an appeal from the trial court's denial of her motion for DNA testing. In perfecting the appeal, she also requested that counsel be appointed to represent her. None was appointed. Yet, at the time appellant moved for testing, she was entitled to appointed counsel upon proof of indigency. *See Spruce v. State*, 06-05-00077-CR, 2005 Tex. App. Lexis 6548 (Tex. App.–Texarkana August 17, 2005) (explaining the status of the law); *Gray v. State*, 69 S.W.3d 835, 837

(Tex. App.–Waco 2002, no pet.) (requiring appointment).[1]  Consequently, we abate the appeals and remand the causes to the 251st District Court of Potter County (trial court) for further proceedings.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.      whether appellant desires to prosecute the appeals; and

2.      whether appellant is indigent.

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects.  Should the trial court find that appellant desires to pursue her appeals, is indigent, and has no counsel, then we further direct it to appoint counsel to assist in the prosecution of the appeals.  The name, address, phone number, telefax number, and state bar number of the new counsel, if any, who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law.  Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing.  Additionally, the trial court shall cause the supplemental clerk's records to be filed with the clerk of this court on or before June 22, 2009.   Should additional time be needed to perform these tasks, the trial court may request same on or before June 22, 2009.

It is so ordered.

Per Curiam

Do not publish.

---

[1]Since then, the law has changed and one requesting appointed counsel must clear other hurdles. Those hurdles are explained in art. 64.01(c) of the Texas Code of Criminal Procedure and *Spruce v. State*, 06-05-00077-CR, 2005 Tex. App. LEXIS 6548 (Tex. App.–Texarkana August 17, 2005).