Order filed January 25, 2013



In The

# Eleventh Court of Appeals

No. 11-12-00349-CR

**DANIEL VASQUEZ DOMINGUEZ, Appellant**

V.

**STATE OF TEXAS, Appellee**

On Appeal from the 104th District Court

Taylor County, Texas

Trial Court Cause No. 13674-B

## ORDER

This is an appeal from an order denying appellant's motion for post-conviction forensic DNA testing. *See* TEX. CODE CRIM. PROC. ANN. ch. 64 (West 2006 & Supp. 2012). Appellant, Daniel Vasquez Dominguez, filed a pro se notice of appeal and has recently filed in this court a motion requesting the appointment of counsel. The record shows that, pursuant to Article 64.01(c), the trial court appointed counsel to represent appellant. Appointed counsel subsequently filed two motions to withdraw in the trial court, and appellant asserts in his motion that he "fire[d]" his counsel. It is not clear from the record in this cause whether the trial court

permitted appointed counsel to withdraw. When there are "reasonable grounds" for a convicted person's filing of a motion for forensic DNA testing, counsel must be appointed to represent that person if he is indigent. Article 64.01(c); *Ex parte Gutierrez*, 337 S.W.3d 883, 889 (Tex. Crim. App. 2011). This statutory right to counsel extends to appeals filed under Article 64.05. *Gray v. State*, 69 S.W.3d 835, 837 (Tex. App.—Waco 2002, no pet.). However, appellate courts are not authorized to appoint counsel. Consequently, we abate the appeal.

We abate the appeal and remand the cause to the trial court so that it may determine the following:

1. Whether appellant is indigent;
2. Whether appellant is currently represented by counsel;
3. Whether counsel has abandoned the appeal; and
4. Whether new counsel should be appointed for appeal.

The trial court is directed to make appropriate findings and recommendations and to appoint counsel if it finds that new counsel should be appointed. The trial court clerk is directed to prepare and forward to this court a supplemental clerk's record containing the findings, recommendations, and any orders of the trial court. If the trial court deems it necessary to conduct a hearing on this matter, the court reporter is directed to prepare and forward to this court the reporter's record from such hearing. The supplemental records are due to be filed in this court on or before February 25, 2013. Appellant's brief will be due in this court thirty days after the supplemental clerk's record is filed.

The appeal is abated.

PER CURIAM

January 25, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

2