69,627-03

CORY ESTRADA SIERRA       §      IN THE COURT OF CRIMINAL APPEALS

         Appellant        §      IN THE STATE OF TEXAS

vs.                    §      Re: 13-14-00666-CR

THE STATE OF TEXAS        §      Tr.Ct.No. S-05-3072-CR

         Appellee         §

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAR 17 2015
Abel Acosta, Clerk

## PETITION FOR WRIT OF MANDAMUS

COMES NOW, PETITIONER CORY ESTRADA SIERRA, "PRO-SE" and files this Writ of Mandamus in the above styled cause and states the following to writ:

1. On July the 9th of 2013 Petitioner filed a Motion for retesting of DNA under Chapter 64 of the Code of Criminal Procedure with the 36th Judicial District Court of San Patricio, Texas, with request for appointment of counsel and other Motions to follow pretaining to the need for request. No reply was ever received from the 36th District Court.

2. On September 30th of 2014, again Petitioner re-filed another Motion for DNA testing under Chapter 64 of the Code of Criminal Procedure, this time under the direction of the handbook for offenders in the George Beto Law Library with COVER LETTER, REQUESTING FOR APPOINTMENT OF COUNSEL PURSUANT TO ART. 64, DECLARATION OF INABILITY TO PAY COST as EXHIBIT "1", SIX MONTH TRUST FUND ACCOUNT STATEMENT signed by John G. Becraft supr. of the George Beto Law Library and a ORDER APPOINTING COUNSEL. (See copies attached to Writ of Mandamus).

3. On the 20th of October of 2014, the District Court of the 36th filed Motions under Chapter 64 and made a decision according to the District Attorney's request to deny Petitioners motion for "The State, objects to any unwarranted DNA testing in this cause as the Defendant has not met the burden of proof necessary to invoke the provisions of Article 64 of the Texas Code of Criminal Procedure, as no reasonable grounds for the filing of said motion have been presented." Signed Micheal E. Welborn. With that the 36th District Court denied Petitioners Motion for DNA Testing, along with other grounds that the District Attorney also gave.

4. In one of the documents that the District Court sent back with the reply from the District Attorney's office was the copy of the original DNA results that were done before court but were never raised in court by defense attorney Mr. Hector De Toro, while the A.D.A. Micheal Hess introduced to the jury a HIV

1/7

expert witness that the State used to convince the jury that Petitioner had given HIV to the victim. The HIV doctor was Terence I. Doran out of the University of Texas Health Science Center at San Antonio. Dr. Doran explained how it was possible for someone to contract the HIV virus, when asked by Mr. Hess the A.D.A. "In your medical opinion how do you think A.Y. contract the HIV virus?" He stated "through sexual contact".

5. On or about June 15th of 2005, Defense Attorney Mr. De Toro, came to visit the Defendant (Myself) to view over the items taken from the defendants home that was claimed to be A.Y.s clothing from the time the victim said were the clothing she wore everytime the defendant sexually assualted her. Upon viewing the clothing the defendant noticed that two of the clothing were didnot belong to the victim, and identified them to his counsel as being Item 15-2 and Item 16-2, one Black Shorts Size "S" and one Black "NIKE" shorts Size "M". Defense Atty pointed out that the victim claimed that they belonged to her. Defendant tried to correct defense atty by telling him that was not true, because Item 15-2 belonged to HIM (Defendant) and Item 16-2 belonged to the victims Mother. Defendant then said to defense atty "wait til results come back and see the truth for yourself."

6. On or about the 16th of September of 2005, the result finally came back from the TX Dept. of Public Safety, at which time defense atty came to visit Defendant once again this time accusing defendant of lying to him. Saying that Defendant had been untruthful to his atty about that he did not do the crime of sexual assault against the step daugther A.Y. And then slams the DNA results on the table. When Defendant went to grab the results defense atty grabs the results and throws them in his briefcase and closes it up. Defendant then stand to leave and defense atty trys to stop him by saying meeting just started. Defendant notified atty that once he grabed the results so the defendant could not see them meeting was over and that he would write a letter to the judge and he could explain why he would not let the defendant see the results to the DNA when it was the defendant who requested the DNA Testing not the State to prove that he didn't do what he was being accused of.

7. It was then that the defense atty gave the results to the defendant to view. After the viewing results the defendant asked the defense atty to show him where it said that the defendant was guilty, his reply was "some where in there"; after asking defense atty to show me where the results said I did it

he replys with "I must have mis-read it". I then show him again how I had told him that the result were going to come back saying that "Cory Sierra and Debbie Sierra cannot be excluded as the contributors", because those two shorts never belonged to the victim. they had been put in there by the mother so that when the DNA was done they could find something of the defendant to say he did it. But what they or she the mother did not expect was for the lab to question if the female mixture did not match the victim then who did it belong too. Therefore they had the whole household DNA tested to see who it would match. It matched the mother of the victim Debbie Sierra. The mother tampered with the evidence, therefore showing that the victim lied, and the A.D.A. knew about it and still brought in a expert witness to say that I in his medical opinion gave A.Y. HIV through sexual assault. And my attorney never stood up to show the results of the DNA to prove that it was a lye, the A.D.A. knew it and still brought in a expert witness to lye to the jury committing Prosecutorial Misconduct (See U.S. v. Reid, 625 F.3d 977) Under the 2 step inquiry for evaluating prosecutorial misconduct or remark was improper, and, if it was improper, the court then determines whether the impropriety was sufficiently flagrant to warrant reversal by taking into account four factors: (1) the degree to which the conduct or remarks tended to mislead the jury or prejudice the defendant; (2) whether they were isolated or extensive; (3) whether they were deliberately or accidentally put before the jury; and (4) the overall strength of the evidence against the defendant. (See U.S. v. Wells, 623 F.3d 332) In order to warrant a new trial, prosecutorial misconduct must have been so pronounced and persistent that it permeated the entire atmosphere of the trial. (See Drake v. Portuondo. 553 F.3d) A conviction obtained through testimony the prosecutor knows to be false is repugnant to the U.S. Constitution. This is so because, in order to reduce the danger of false convictions, courts rely on the prosecutor not to be simply a party in litigation whose sole object if the conviction of the defendant before him. The prosecutor is an officer of the court whose duty is to present a forceful and truthful case to the jury, not to win at any cost. A conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the 14th Amendment. The same result obtains when the State although not not soliciting false evidence, allows it to go uncorrected when it appears.

A conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury. the question is whether the jurys verdict might be altered. If it is established that the government knowingly permitted the introduction of false testimony reversal is virtually automatic. This strict standard of materiality is appropriate not just becuase such cases involved prosecutorial misconduct, but more importantly because they involve a corruption of the truth-seeking function of that trial process. Scheuer v. Rhodes, 416 U.S. 232,94 S.Ct. 1683,1687 (1974)

8. As for Defense Atty Hector Del Toro (See Ex Parte Ybarra, 629 S.W.2d 944- Attorney was ineffective for not investigating the defendants case and failure to present evidence in the defendants behalf.

9. During the Pre-trial process Defense Atty had convinced the trial court on an expert witness for the defense which the trial court allowed. Expert witness was a Licensed Psychologist by the name of Burton A. Kittay, PH.D. out of Corpus Christi, Texas. Days before trial I questioned my atty about Mr. Kittay, and this is what my atty said: " That Kittay believed that the witness was saying the truth and that he refused to testify on my behalf." On January 16, 2010 after corresponding with Mr. Kittay by mail he wrote me back stating this " Thank you for writing. My recollection was not that I refused to testify. I spoke with your attorney and thought that some plea bargain or arrangement had been made. Etc..." See attached letter.

10. As STATE'S RESPONSE TO DEFENDANT states #7: Defendant's real argument is not about the DNA testing, but the testimony at trial that indicated that the victim(s) of the criminal offense (Children)(Child) had HIV that was **transmitted by the Defendant**. No where in the indictment does it state I the defendant transmitted HIV to the Victim in any form or fashion.

11. In the A.D.A. Closing argument he states to the jury on vol. 5 of 5 Jury-punishment: page 13-lines 9-17 "In this case, from all the evidence, it appears that the only just punishment on this for each count should be life. Areanna was given a life sentence, we don't know what that's going to be, obviously, there is no way of knowing, but that virus will be with her for life."

12. Statement by Trial Attorney Hector Del Toro, vol. 4 of 5, page 58-lines 21-25 thru page 59-lines 1-2. "So we have two different versions of what happened from Christopher himself. We have **no physical evidence** of this so-called

abuse from the nurse, have **no medical records** to show that, <u>**there is no DNA evidence even though they took the clothes for testing supposedly.**</u>" Here the trial atty Hector Del Toro states there is <u>no DNA evidence</u> even though they took the clothes for testing supposedly. On page 59, Dr. Doran in his opinion is very clear of how he thinks these children became infected with HIV, or Areanna.

13. October 20, 2014, Motions for DNA testing were denied by the 36th District Court of San Patricio County, Texas. Petitioner filed a Notice of Appeal with the 13th Court of Appeals in Corpus Christi which gave Petitioner a new Cause No. 13-14-00666-CR, this was their reply :

    The appellant's notice of appeal in the above cause was received in this Court on November 18, 2014. Upon review of the notice of appeal, it appears that there is no final, appealable order. You are hereby given notice of this defect so that steps may be taken to correct the defect, if it can be done. If after the expiration of tens day from the date of receipt of this letter, this defect is not cured, this appeal shall be dismissed. Please file a docketing statement with this Court within 15 days from the date of this notice.

14. Petitioner filed the docket statement but does not understand what defect the 13th court of appeals is talking about since everything that was filed was done based from the offenders handbook as directed. On January 14, 2015 Petitioner wrote the 13th court of appeals requesting information on his status, on February 05th, 2015 Petitioner received response for the 13th court of appeals ordered appeal DISMISSED. And gave opinion.

15. We observe that a trial court has a mandatory duty to appoint counsel under article 64.01(c) once the convicted person establishes his indigence and requests counsel be appointed to assist in filing a motion for forensic DNA testing. See IN RE Rodriguez, 77 S.W.3d 459, 461 (Tex.App-Corpus Christi) 2002. orig. proceedings): Gray v. State, 69 S.W.3d 835, 837 (Tex.App. Waco 2002, no pet); See also Bretz, 2003 WL 1889945, at *1. As analyzed by the court in Rodriguez, the statute makes no provision for summary denial of the request for counsel; conspicuously absent from article 64.01(c) is any requirement of a prima facie case of entitlement to DNA testing before the right to counsel attaches. 77 S.W. 3d at 461. Under the Statute, the only requirements for appointment of counsel are a request for counsel and indigence, Id. Once a convicted person meets these requirments appointment of counsel is mandatory.Id.

16. Appellant is not without a remedy in this case. See Rodriguez, 77 S.W.3d at 461, (holding trial court had ministerial duty to appoint counsel to indigent defendant under article 64.01, and conditionally granting writ of mandamus). See also IN RE Cash, 99 S.W.3d 286, 288 (Tex.App.Tex. 2003, orig. proceeding) ordering trial Court to rule on convicted person's request for appointment of counsel under article 64.01, determine whether convicted person is indigent, and if indigent to immediately appoint counsel.)

17. U.S. v. Kasenge, 660 F.3d 537: Under plain error review a defendant must show that (1) an error accured (2) which was clear or obvious and which not only (3) affected the defendants substantial right, but also (4) seriously impaired the fairness, intearity, or public reputation of the proceedings. Even then, reversal would be necessary only if, in light of the entire record, the remarks in the prosecutor's closing argument so poisoned the well that the trial's outcome was likely affected. An appellate court's assessment requires it to consider: (1) the severity of the prosecutor's misconduct, including whether it was deliberate or accidental; (2) the context in which the misconduct occurred; (3) whether the judge gave curative instructions and the likely effect of such instructions; and (4) the strength of the evidence against the defendants, United States v. Duarte, 246 F.3d 56, 60 (2001).

18. Petitioner now without the assistance of counsel is in the process of preparing his 11.07 Application to the Texas Court of Criminal Appeals and contends that his conviction and sentence was, had, and imposed in violation of the Constitution and laws of the United States. Petitioner asserts that he is in need of the granting of this writ for DNA testing to perfect and prepare his Habeas Corpus under 11.07 of the Texas Rules of Criminal Procedure. That this DNA testing is vital and essential in the interest of justice, and that no party would be prejudiced by same and that the interest of justice so requires same.

PRAYER

Petitioner prays that this Court "GRANT" this Motion and/or order REVERSAL and/or REMANDS for NEW TRIAL as it sees fit by the Court of Criminal Appeals. Petitioner also request this Court to order Hector Del Toro atty and Michael Hess A.D.A. at trial to submitt an affidavit according to their conduct in this Writ at trial for prosecutorial misconduct and I.A.C. as alleged against

them by the Petitioner in the interest and pursuit of justice.

Respectfully Submitted,

Cory Estrada Sierra
TDCJ# 1341616
Beto Unit
1391 FM 3328
Tennessee Colony, TX 75880


March **08** , 2015

## CERTIFICATE OF SERVICE

This is a true and correct copy from Member of "Texas Courts/Conspiracy Against The People" Cory Estrada Sierra, as to this Document being mailed to the Court of Criminal Appeals in Austin Texas, Clerk Abel Acosta, and is to be shared a copy with all Parties of involvement to this Civil Rights Violation, dated on March **08** , 2015.

36th District Attorney
Michael E. Wilburn
P.O. Box 1393
Sinton, TX 78387

156/36th District Court
Joel B. Johnson
P.O. Box 700
Sinton, TX 78387

Kenneth McGidson & Ruben Perez
U.S. Department of Justice
United States Attorney's Office
Southern District of Texas
1000 Louisana, STE. 2300
Houston, TX 77002

Thomas W. Bailey, Unit Chief
Federal Bureau Investigation
Investigative Services Section
1000 Custer Hollow Rd.
Clarksburg, WV 26306

Received Certified Complaint
March, 2014

Melissa Mattingly
U.S. Court of Appeals
5th Circuit Clerk
600 S. Maestri Place
New Orleans, LA 70130

Civil Rights Department of Investigation
U.S. Dept. of Justice
900 Pennsylvania Ave.
Washington, DC 20530-0001

Received Certified Complaint
March 21, 2013
Tracking Number:
70123460000211903889

Edward R. Quinta
Michael McCrum
United States Attorney
Western District of Texas
United States Courthouse
501 W. 5th St. STE. 1100
Austin, TX 78711

Certified Documents
Tracking Number:
70100290000092096933

Respectfully Submitted,

Cory Estrada Sierra
TDCJ# 1341616
Beto Unit
1391 FM 3328
Tennessee Colony, TX 75880

Class Rep. Shawn Dunn #1686724
Case Number: 14-50387

March 08, 2015

March 08, 2015

RE: S-05-3072-CR     Cory Estrada Sierra v. State of Texas

To the Clerk of San Patricio County:

Please keep in mind my current status of my membership with a Civil Rights Violation Organization challenging your Court's conviction against me in Case # 14-50387, titled: Texas Courts/Conspiracy Against The People . org, awaiting to be certified in its screening process. After receipt of a Discovery Order, filed in the U.S. Court of Appeals of the 5th Circuit, dated: Nov. 20, 2014, I now hold position of request for your Courts Documents of all procedures; disclosure, which holds this conviction to maintaining custody of my life and liberty. Attached to the Certificate of Service I've provided to your Court showing confirmation of whom I've been in contact with saking to assist me in this quest to challenge my claim of injustice. I ask this court, and its Officials, to come in compliane with the law, and bring matters of decrepency of your
  Criminal Proceedings in obtaining this conviction to a stay, pending a full scale investigation by the Federal Contituients of the proper Department of the Department of Justice.

For further references, this enclosed Certificate of Service will be accompanied with all documents submitted to your court for the protection and best interest of Members of: Texas Courts/Conspiracy Against The people.

Respectfully Submitted,

Cory E. Sierra

Cory Estrada Sierra
TDCJ# 1341616
Beto Unit
1391 FM 3328
Tennessee Colony, TX 75880


Class Rep. Shawn Dunn
TDCJ# 1686724
Case Number 14-50387

September 30 , 2014

San Patricio County District Clerk
Laura M. Miller
P.O. BOX 1084
Sinton, TX 78387


RE: S-05-3072-CR, THE STATE OF TEXAS vs. CORY ESTRADA SIERRA

Dear Clerk:

   Enclosed please find Appellant's Motion for Appointment of Counsel, Order, and Affidavit of indigency in the above styled and numbered cause. Please file this, and bring it to the attention of the acting Judge of the 36th Judicial District Court. Please notify me at the address below of the Courts decision. Your assistance in this matter is greatly appreciated.


                                    Respectfully Submitted,


                                    *Cory E. Sierra*

**TYPED COPY**                      Cory Estrada Sierra
                                    TDCJ #1341616
                                    Beto Unit
                                    1391 FM 3328
                                    Tennessee Colony, TX 75880




                              FILED

                    AT    4:55PM   O'CLOCK

                       OCT 20 2014

                    Laura Miller Clerk
                    District Court
                    San Patricio County Texas
                    BY _____ DEPUTY

Cause No. S-05-3072-CR

CORY ESTRADA SIERRA  §     IN THE DISTRICT COURT

   APPELLANT  §     36TH JUDICIAL DISTRICT

vs.  §     SAN PATRICIO COUNTY, TEXAS

THE STATE OF TEXAS  §     HONORABLE JOEL B. JOHNSON

   Appellee  §     PRESIDING JUDGE

===============

## REQUEST FOR APPOINTMENT OF COUNSEL

## PURSUANT TO ARTICLE 64, CODE OF CRIMINAL PROCEDURE

===============

TO THE HONORABLE JUDGE OF SAID COURT:

   COMES NOW APPELLANT, CORT ESTRADA SIERRA, TDCJ #1341616, and request appointment of counsel to assist Appellant in obtaining an Order for DNA testing from this Court pursuant to Article 64.01(c), Code of Criminal Procedure.

   Appellant wishes to submit a Motion pursuant to Chapter 64, requesting DNA testing and Appellant is indigent, an Affidavit of Indigency is attached and incorporated hereto as Exhibit "1".

             Respectfully Submitted,

             *Cory E. Sierra*

             Cory Estrada Sierra
             TDCJ #1341616
             Beto Unit
             1391 FM 3328

**TYPED COPY**           Tennessee Colony, TX 75880

             September 30, 2014

               FILED

           At  4:55PM  O'CLOCK

             OCT 20 2014

           LAURA MILLER CLERK
           DISTRICT COURT
           SAN PATRICIO COUNTY TEXAS
           BY _____ DEPUTY

## DECLARATION OF INABILITY TO PAY COST

(The following Declaration is made pursuant to Section 132.001
of the Civil Practices and Remedies Code.)

Now respectfully comes (CORY E. SIERRA, TDCJ #1341616), and declares that I am unable to pay the court costs in this civil action and request leave of the Court to proceed in forma pauperis in this accompanying civil action and would show the court the following:

(1) I am presently imcarcerated in the George Beto Unit of the Texas Crimina Justice I am not permitted to earn or handle money.

(2) I have no source of income or spousal income.

(3) I currently have -0- credited to me in the Inmate Trust Fund.

(4) During my incarceration in the Texas Department of Correctional Justice I have received approximately $ NA per month as gifts from relatives and friends.

(5) I neither own nor have an interest in any realty, stocks, bonds, or bank accounts and I received no interest or dividend income from any source.

(6) I have -0- dependents.

(7) I have total debts of approximately $ -0-.

(8) I owe $ NA as restitution.

(9) My monthly expenses are approximately $ NA .

I, CORY E. SIERRA, TDCJ #1341616, being presently incarcerated in the George Beto Unit of the Texas Department of Criminal Justice in Anderson County, Texas, verify and declare under penalty of perjury that the foregoing statements are true and correct.

Executed on this the 30 day of September, 2014.

*Cory E. Sierra*

**TYPED COPY**

Cory E. Sierra
TDCJ #1341616
Beto Unit / 1391 FM 3328
Tennessee Colony, TX 75880

```
CSINIB02            TEXAS DEPARTMENT OF CRIMINAL JUSTICE        10/01/14
B120/JBE5354              IN-FORMA-PAUPERIS DATA                 13:41:11
TDCJ#: )1341616 SID#: 05464212 LOCATION: BETO        INDIGENT DTE:
NAME: SIERRA, CORY ESTRADA              BEGINNING PERIOD: 04/01/14
PREVIOUS TDCJ NUMBERS:
CURRENT BAL:        15.09 TOT HOLD AMT:      0.00 3MTH TOT DEP:      40.00
6MTH DEP:          90.00 6MTH AVG BAL:      3.02 6MTH AVG DEP:      15.00
MONTH HIGHEST BALANCE TOTAL DEPOSITS    MONTH HIGHEST BALANCE TOTAL DEPOSITS
09/14     21.50          40.00          06/14        1.63          0.00
08/14      1.50           0.00          05/14        1.63          0.00
07/14      1.50           0.00          04/14       31.53         50.00
PROCESS DATE    HOLD AMOUNT      HOLD DESCRIPTION
```

STATE OF TEXAS COUNTY OF Anderson
ON THIS THE 01 DAY OF OCTOBER 2014, I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE, AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NO SIG:


NOTARY PUBLIC        JOHN G. BECRAFT
STATE OF TEXAS         NOTARY PUBLIC
(SEAL)                  STATE OF TEXAS               JOHN G. BECRAFT
              MY COMM. EXP. 08/12/2015               (SIGNATURE)

        NOTARY WITHOUT BOND
        (NOTARY STAMP)




                        TYPED COPY

Cause No. S-05-3072-CR

| CORY ESTRADA SIERRA | § | IN THE DISTRICT COURT |
| Appellant | § | 36TH JUDICIAL DISTRICT |
| vs. | § | SAN PATRICIO COUNTY, TEXAS |
| | § | HONORABLE JOEL B. JOHNSON |
| THE STATE OF TEXAS | | |
| Appellee | § | PRESIDING JUDGE |

ORDER APPOINTING COUNSEL

CAME ON THIS DAY FOR CONSIDERATION, the Appellant's request for appointment of counsel to assist him in obtaining DNA testing pursuant to Article 64. 01(c), Code of Criminal Procedure. The Court has reviewed the request and Affidavit of Indigency in this matter and it is hereby,

ORDERED, ~~that an~~ NO attorney shall be appointed to represent Appellant. ~~pursuant to Article 64.01(c), C.C.P. accordingly, the following attorney is hereby~~ JBJ ~~appointed and instructed to contact his client regarding this matter:~~

It is further ordered that a copy of this Order shall be sent to the Appellant by the Clerk of this Court.

**TYPED COPY**

JBJ
_____

JUDGE PRESIDING


20 Oct. 2014
_____

Date of Signature

FILED

AT  4:55PM   O'CLOCK

OCT 20 2014

LAURA MILLER CLERK
DISTRICT COURT
SAN PATRICIO COUNTY TEXAS
BY _____ DEPUTY

**BURTON A. KITTAY, PH.D.**

LICENSED PSYCHOLOGIST
PSYCHOLOGICAL WELLNESS CENTER
5350 So. STAPLES ST. SUITE 200
CORPUS CHRISTI TEXAS 78411
(361) 992-7780 • FAX (361) 992-3355

TX LIC.#24966
CA LIC# PSY7900

BurtKittay@AOL.com

January 16, 2010

CORY SIERRA #1341616
BETO UNIT.1391 FM 3328
TENN. COLONY, TX 75880
N326

Thank you for writing. My recollection was not that I refused to testify. I spoke with your attorney and thought that some plea bargain or arrangement had been made.

As you know testifying is a two-way street. One can have opinions in a client's favor, and then have it torn apart. "Dr. Kittay, has anyone ever lied to you?

Dr. Kittay, wouldn't someone facing a jail term lie about their situation?

Dr. Kittay, have you ever been wrong in your judgment?

On and On.

For these reasons about 18 months ago I stopped doing all legal cases. I was concerned that they has less to do with justice than with winning. I watched injustice served more that justice. I am certainly sorry about what has happened to you.

I understand you have appealed your sentencing and that it has been upheld. From what you write, it appears that you believe that that you were not properly represented by your attorney. If so, you could try an appeal on that basis. I do not know what is right and wrong, and I am not an attorney, so cannot advise you as to what to do.

If there is something that I can do, please feel free to write to me.

(SIGNATURE OF DR. KITTAY)

Burton A Kittay PhD
Licensed Psychologist                    **TYPED COPY**