COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



CONTINUING ORDER OF ABATEMENT

Appellate case name:          Earnest James Dudley v. State of Texas

Appellate case number:    01-20-00175-CR

Trial court case number:  0917568

Trial court:                          208th District Court of Harris County

A jury convicted appellant, Earnest James Dudley, of aggravated sexual assault and the trial court assessed his punishment at life in prison. On September 9, 2014, the 178th District Court found appellant indigent and appointed Mark Rubal to represent appellant for the purpose of post-conviction DNA testing. *See* TEX. CODE CRIM. PROC. 64.01(c). After the cause was transferred from the 178th District Court to the 208th District Court, the trial court signed an agreed order for DNA testing. On January 14, 2020, the trial court adopted the State's findings and determined that the results of the DNA testing were not favorable to appellant. The clerk's record filed in this Court contains a notice of appeal with Mark Rubal's request to withdraw from representing appellant and a request to appoint counsel for appellant. However, the clerk's record contains no indication that the trial court permitted Mark Rubal to withdraw or appointed counsel on appeal. On July 8, 2020, Mark Rubal filed a letter in this Court, stating that he had informed the trial court below that appellant wanted to appeal and that "[t]he Judge would then appoint another attorney to handle the appeal." No attorney has appeared in the Court on appellant's behalf.

Article 64.01(c) of the Texas Code of Criminal Procedure provides that a convicted person is entitled to appointed counsel under certain circumstances during a Chapter 64 proceeding. The article does not differentiate between the trial and appellate proceedings. Consequently, an indigent convicted person is entitled to appointed counsel to prosecute an appeal under Chapter 64. *See Watson v. State*, No. 07-06-0414-CR, 2006 WL 3327814, at *1 (Tex. App.—Amarillo Nov. 16, 2006, no pet.) (order, not designated for publication) (citing *Gray v. State*, 69 S.W.3d 835, 837 (Tex. App.—Waco 2002, no pet.) (order). Because the trial court appointed counsel to represent appellant in this Chapter 64 proceeding, the record indicates that appellant is entitled to court-appointed counsel on appeal. Accordingly, on July 16, 2020, we abated this appeal for the trial court to make findings of fact and conclusions of law. To date, we have not received supplemental records containing the trial court's findings and conclusions.

Based on the foregoing, we issue this continuing order to abate this appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and

appellant's appointed counsel, Mark Rubal, shall be present.  Appellant also shall be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing.[1]

We direct the trial court to make appropriate written findings of fact and conclusions of law and sign any necessary orders on these issues:

1) Determine whether appellant wishes to pursue this appeal;
2) If appellant wishes to pursue this appeal, determine whether appellant's counsel, Mark Rubal, intends to represent appellant on appeal or whether counsel should be permitted to withdraw;
3) If counsel is permitted to withdraw, enter a written order granting his request to withdraw and appoint substitute appellate counsel.
4) Make any other findings and recommendations the trial court deems appropriate; and
5) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. art. 1.051(a), (c), (f), (g), 26.04; 64.01(c).

The trial court shall have a court reporter record the hearing.  The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court within 30 days of the date of this order.  The court reporter is directed to file the reporter's record of the hearing within 30 days of the date of this order.  If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket without further order of the Court when records that comply with our order are filed with the Clerk of this Court.  The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: _____/s/ Sherry Radack_____
           ☑ Acting individually     ☐ Acting for the Court

Date: ___October 6, 2020_____

---

[1] Any teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound among the trial court, appellant, and any attorneys representing the State or appellant.  On his request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the State's attorney.