

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00170-CR

**WILLIAM CHARLES WEBB,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2012-678-C2

## O R D E R

Appellant William Charles Webb, an inmate appearing *pro se*, has filed a notice of appeal, seeking appellate review of the trial court's order denying his motion for post-conviction forensic DNA testing under Chapter 64 of the Code of Criminal Procedure. On May 29, 2018, Webb also filed a motion for the appointment of counsel to represent him in this appeal.

A convicted person has a limited, statutory right to appointed counsel during a Chapter 64 proceeding. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(c) (West 2018);

*Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010). Specifically, article 64.01(c) provides that a convicted person is entitled to counsel during a Chapter 64 proceeding when the person informs the court that he wishes to submit a motion for forensic DNA testing, the court finds reasonable grounds for a motion to be filed, and the court determines that the convicted person is indigent. TEX. CODE CRIM. PROC. ANN. art. 64.01(c). Article 64.01(c) does not differentiate between the trial and appellate stages. *Gray v. State*, 69 S.W.3d 835, 837 (Tex. App.—Waco 2002, order) (per curiam).

Here, the trial court denied Webb's motion for appointment of counsel. The trial court expressly stated in the order that Webb failed to allege any reasonable grounds for filing a motion for forensic DNA testing and that the court was unable to find any reasonable grounds for the filing of a motion for forensic DNA testing. We see no reason to believe that the trial court would view the issue of Webb's entitlement to counsel any differently now than previously. *See In re King*, No. 03-17-00484-CR, 2018 WL 699326, at *1 (Tex. App.—Austin Feb. 1, 2018, order) (per curiam, not designated for publication) (declining to remand for appointment of counsel and denying motion to abate). Furthermore, we conclude that Webb has not established to us his entitlement to the appointment of appellate counsel in this appeal. *See Aekins v. State*, No. 07-15-00139-CR, 2015 WL 6082312, at *1 (Tex. App.—Amarillo Oct. 15, 2015, order) (per curiam, not designated for publication) (denying request to remand for appointment of counsel and declining to order appointment of counsel). Accordingly, Webb's motion for the appointment of counsel is denied.

PER CURIAM

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Order issued and filed July 3, 2018

